BESSIE PELLICER v. REX SWEAT, as Sheriff.

179 So. 423.
Opinion Filed January 10, 1938.
Rehearing Denied February 16, 1938.

John E. Mathews, for Petitioner;

Cary D. Landis, Attorney General, and H. E. Carter and Lawrence A. Truett, Assistant Attorneys General, for Respondent.

WHITFIELD, J.—A writ of habeas corpus was issued by the Chief Justice returnable before this Court, predicated upon a petition in which it is alleged that petitioner is detained of her liberty without any authority of law; that at a preliminary trial before a committing magistrate, upon a warrant charging her with operating for profit a place where dancing was engaged in, or entertainment such as variety programs or exhibitions was provided, without having paid the license required by Section 23 of Chapter 18011, Laws of Florida, 1937; that after testimony was taken, petitioner was bound over and committed to trial in the Criminal Court of Record for Duval County, Florida, and is now unlawfully deprived of her liberty; that the evidence taken at said trial and attached to the petition as a part thereof, fails to show a violation of any law of the State of Florida; that Section 23 of Chapter 18011 is invalid because:

"(1)   It denies to petitioner her right of acquiring, possessing and protecting her property guaranteed to her by Section 1, Declaration of Rights.

"(2)   It undertakes to deprive petitioner of her property without due process of law.

"(3) It is arbitrary, unreasonable, and constitutes an unreasonable classification.

"(4) It denies petitioner the equal protection of the laws.

"(5) It would deprive petitioner of her liberty without due process of law.

"(6) The license tax is arbitrary, unreasonable, discriminatory and amounts to confiscation.

"(7) It does not apply to all who are similarly situated, equally.

"(8) There are stated unjust discriminations in the law.

"(9) The record shows affirmatively that petitioner did not receive any profit or remuneration whatsoever for the privilege of dancing at her place of business.

"(10) The music furnished by the coin operated phonograph, by the insertion of a nickel, is not a variety program, or exhibition, covered by Section 23 of said Act."

The Sheriff's return stated he held petitioner under a warrant issued by a named Justice of the Peace, charging petitioner with the offense of violating Section 23 of Chapter 18011, Acts of 1937, said Justice of the Peace having committed the petitioner for trial in the Criminal Court of Record.

Sections 21 and 23, Chapter 18011, Acts of 1937, are as follows:

"Section 21. Every person engaged in the business of operating a boarding house, lodging house, or hotel having beds for ten or more persons shall pay a license tax for each place of business of fifty cents for each room therein."

"Section 23. Every person who operates for a profit any place where dancing is engaged in or entertainment such as variety programs or exhibitions, is provided, shall pay a license tax of $100.00. The license required by this sec-

tion shall be in addition to any other license required by law and the operation of such a place as herein described shall not be construed to be incidental to some other business; provided, that a license may be issued for one night only, upon the payment of twenty-five dollars, but in such cases the Tax Collector must write across the license the words, "Good for one night only." Provided, further, that this section shall not apply to entertainments given for charitable purposes, the proceeds of which are given to local charities; provided, further, that this section shall not apply to any place operated as a theater or moving picture show only; provided, further, that this Section shall not apply to hotels paying an occupational tax as provided for in Section 21."

Counsel for the plaintiff presents and argues the question:

"Is Section 23 of the Act unconstitutional because in violation of Sections 1 and 12 of the Declaration of Rights of the Constitution of the State of Florida, and the Fourteenth Amendment to the Constitution of the United States?"

It is in effect contended that Section 23 of Chapter 18011 is unjustly discriminating and excessive as against petitioner, particularly in view of Section 21 of the Act, and thereby violates petitioner's personal and property rights under Sections 1 and 12, Declaration of Rights of the State Constitution, and the Fourteenth Amendment to the Federal Constitution, the pertinent portions of which organic sections are:

"All men are equal before the law, and have certain inalienable rights, among which are those of enjoying and defending life and liberty, acquiring, possessing and protecting property, and pursuing happiness and obtaining safety." Sec. 1, Declaration of Rights.

"No person shall * * * be deprived of life, liberty or property without due process of law." Sec. 12, Decl. of Rts.

"No State shall * * * deprive any person of life, liberty or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." Sec. 1, Art. 14, Amendment to the Federal Constitution.

The classifications made by the statute in imposing license taxes by Sections 21 and 23 are clearly distinct and predicated upon reasonable differences in the classes.

The first class merely provides lodging accommodations as the sole business, while the latter class operates for a profit a "place where dancing is engaged in, or entertainment such as variety programs or exhibitions is provided," which occupation shall not "be identical to some other business."

The evidence shows that in the petitioner's "place" at the time stated, people were dancing to the music of a Victrola, "the kind you put a nickel in." A witness saw coins being placed in the box, "from which music came." Soft drinks and beer were on sale, and there are four bedrooms for lodging.

On cross the witness testified no charge was made for dancing in the place; did not see any programs, such as professional dancing, tap dancing, or minstrel stuff, "just apparently social dancing."

The petitioner testified:

"I am running a dance place, and place to eat, and I have a few rooms that I have been renting"; she "sells drinks, and" is "going to have chicken dinners out there"; She has "a coin operated music box out there"; no charge is made for people dancing there; "they put a nickel in the machine and they can sit there and listen to the music or get up and dance, as they see fit."

The evidence clearly shows the petitioner's place of business is not "a boarding house, or lodging house or hotel."

Petitioner states she is running a dance place and place to eat, and a few rooms to rent; sells drinks, and has a coin operated music box in which persons may put coins and either dance to the music or sit and listen to the music. While no charge is made for dancing, the dancers pay for the music; and soft drinks and beer and meals are on sale, and four rooms are for rent. Obviously the place is operated for a profit and dancing is engaged in there. The place is not shown to be a boarding house or a lodging house or a hotel.

The exemption of hotels and of places operated as theaters and moving picture shows only, does not unjustly discriminate against the petitioner's business, since her business is peculiar and is clearly defined and justly classified, it being essentially unlike the licensed business of hotels, boarding houses and lodging houses, and theaters and moving picture shows.

The classification being a legal one, the amount of the license tax is for statutory determination under the taxing and police power of the State. The amount of the tax does not appear to be grossly excessive for the particular business regulated in the interest of the public welfare.

No violation of the organic sections above quoted is shown.

The petitioner is remanded.

TERRELL, BROWN, BUFORD and CHAPMAN, J. J., concur.

ELLIS, C. J., dissents.