R. W. LEVY v. KENNETH COLLINS, as Tax Collector of Leon County.

197 So. 522

Division A

Opinion Filed July 2, 1940

Rehearing Denied August 2, 1940

620

*H. O. Pemberton*, for Appellant;

*George Couper Gibbs*, Attorney General, and *Nathan Cockrell*, Assistant Attorney General, for Appellee.

PER CURIAM.—Appellant exhibited his bill of complaint in the Circuit Court of Leon County seeking to enjoin the collection of the license tax imposed by Section 23 of Chapter 18011, Acts of 1937.

The bill alleges:

"Plaintiff operates a place of business at Lake Bradford, · near Tallahassee in Leon County, Florida, at which he maintains a small retail store and in the same building therewith, an open-air pavilion in which is placed an electric phonograph that may be operated by any person who deposits a nickel in the slot provided for that purpose. The pavilion is furnished free for the use of the public and space therein is available for dancing if anyone cares to do so. Plaintiff maintains as a part of the said business, dressing rooms for bathers, a dock or pier, diving floats and other facilities for bathers, and tables with sheds over them for the use of those who care to prepare or eat their lunch on

the premises. No charge of any kind is made for admission or for the use of any of the facilities above mentioned except that a charge is made for the privilege of bathing. The facilities described, including the pavilion where those who care to do so may dance, are provided as essential features or facilities of a place of recreation and in recognition of the fact that a large proportion of those who patronize places of recreation desire to have available a place where they can dance if they choose to do so, and that some facilities for dancing are a practical necessity for the operation of the usual place of recreation. The provisions for dancing are not operated for a profit except as the business profits indirectly through the additional patronage that such facilities attract or encourage."

The bill also alleges that plaintiff pays other licenses required under other statutes.

Motion to dismiss was granted and appeal perfected.

The case is ruled by the opinion and judgment in the case of Pellicer v. Sweat, 131 Fla. 60, 179 Sou. 423.

The decree is affirmed.

So ordered.

Affirmed.

TERRELL, C. J., BUFORD, and THOMAS, J. J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.

### ON · PETITION FOR REHEARING

BUFORD, J.—In petition for rehearing it is urged that this case should not be disposed of on authority of Pellicer v. Sweat, 131 Fla. 60, 179 Sou. 423, because in the Pellicer case the constitutionality of Section 23 of Chapter 18011,

Acts of 1937, was challenged, while in the case at bar the application of that statute to the place of business conducted by the appellant is challenged.

In the Pellicer case we said:

"The evidence clearly shows the petitioner's place of business is not 'a boarding house, or lodging house or hotel.'

"Petitioner states she is running a dance place and place to eat, and a few rooms to rent; sells drinks, and has a coin-operated music box in which persons may put coins and either dance to the music or sit and listen to the music. While no charge is made for dancing, the dancers pay for the music; and soft drinks and beer and meals are on sale, and four rooms are for rent. Obviously the place is operated for a profit and dancing is engaged in there. The place is not shown to be a boarding house or lodging house or a hotel.

"The exemption of hotels and of places operated as theatres and moving picture shows only, does not unjustly discriminate against the petitioner's business, since her business is peculiar and is clearly defined and justly classified, it being essentially unlike the licensed business of hotels, boarding houses and lodging houses, and theaters and moving picture shows.

"The classification being a legal one, the amount of the license tax is for statutory determination under the taxing and police power of the State. The amount of the tax does not appear to be greatly excessive for the particular business regulated in the interest of the public welfare."

It is the contention of the appellant that the section of the statute, *supra,* which reads: "Section 23. Every person who operates for a profit any place where dancing is engaged in or entertainment such as variety programs or

exhibitions, is provided, shall pay a license tax of $100.00. The license required by this section shall be in addition to any other license required by law and the operation of such a place as herein described shall not be construed to be incidental to some other business; provided, that a license may be issued for one night only, upon the payment of twenty-five dollars, but in such cases the Tax Collector must write across the license the words 'Good for one night only.' Provided, further, that this section shall not apply to entertainments given for charitable purposes, the proceeds of which are given to local charities; provided, further, that this section shall not apply to any place operated as a theatre or moving picture show only; provided, further, that this section shall not apply to hotels paying an occupational tax as provided for in Section 21." should be construed to apply only to those places of business where a direct profit is realized from, or a charge made for, the privilege of dancing or for enjoying entertainment of variety programs or exhibitions. We cannot agree to this construction.

The records in the office of the Secretary of State show that in 1939, the Legislature attempted to amend the law in this regard by the passage of House Bill No. 1906 by which the language would have been changed to read: "Section 23. Every person who operates for a profit any place where dancing is permitted or entertainment such as variety programs or exhibitions is provided *for a charge,* shall pay a license tax of $10.00 * * *." (Emphasis supplied.) This enactment was vetoed by the Governor because the change in the law would reduce the revenue accruing to the State under the then existing statute.

The purpose of the statute, as we construe it, was to place a definite license tax on every place of business operated for a profit where dancing is engaged in * * *, except those

places of business which were by the terms of the statute excluded from its purview.

The Legislature probably had in mind the curbing of the operation of certain undesirable resorts and practices which are known to be a menace to good morals and deemed it necessary to include the harmless within the purview of the statute as a means to reach the vicious which would otherwise escape.

It is well recognized that the Legislature may pursue such course.

In the case of Feibelman v. State (Ala.), 30 Sou. 384, the Supreme Court of Alabama said:

"We shall not follow counsel to a general discussion of the police power and its limitations in this connection. We may, for all the purposes of this case, concede, without indicating any opinion upon the question, that the Legislature may not, in the exercise of the police power prohibit the sale of a malt liquor which is not intoxicating nor otherwise deleterious in any way, where the sole purpose and object is the prevention of the sale of that particular character or quality of malt liquor. But it is common knowledge that most malt liquors are intoxicating and harmful when used excessively, and are capable of excessive use as a beverage. The sale of all such, of course, the Legislature has the power to prohibit. But, if the prohibition should in terms go only to the sale of intoxicating malt liquors, there would be left open such opportunities for evasions of the law and there would arise such difficulties of proof as that the law would not be effectively executed; and the lawmakers having the undoubted power to prohibit and to prevent the sale of intoxicating malt liquors, and to enact to that end a law which can be executed so as to secure it, and finding this cannot be accomplished without extending the prohibition to all malt liquors, whether intoxicating or

not, such extension necessary to prevent the sale of intoxicants is as essentially the proper exercise of the police powers as the inhibition with reference to intoxicants."

To like effect is Jacob Ruppert v. Caffey, 251 U. S. 264, 40 Sup. Ct. 141, and Purity Extract & Tonic Co. v. Lynch, 226 U. S. 192, 33 Sup. Ct. Rep. 44. Those cases involved the sale of malt liquors and it was held that the legislation was within the power of the Legislature because such provisions were necessary to secure the enforcement of statutes prohibiting the sale of intoxicating liquors.

It is our conclusion, therefore, that although the appellant here is not engaged in any disreputable business, he does operate a place for profit in which dancing is permitted and, therefore, he comes within the purview of the statute and is amenable to the payment of the license tax.

Rehearing denied.

TERRELL, C. J., and THOMAS, J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.