HENRY M. FARRIOR, as Sheriff of Washington County, Florida, v. STATE OF FLORIDA ex rel. FOSTER COMPTON.

13 So. (2nd) 147                                    January Term, 1943
April 23, 1943                                      Division A

*Howard S. Bailey,* for appellant.
*Cecil A. Rountree,* for appellee.

CHAPMAN, J.:

The record in this case discloses that Foster Compton paid and held an occupational license issued by the Tax Collector of Washington County, Florida, under Section 205.29, Fla. Stats. 1941, authorizing the operation for 1942-43 of a hotel known as the "Green Lantern Hotel," consisting of nine bedrooms. Double beds were in each of seven rooms, while two double beds were in each of the other two. It is admitted that the "Green Lantern Hotel" had accommodated on designated nights, and possessed the capacity on each night, to sleep "ten or more persons." Compton was convicted in the County Judge's Court of Washington County for the violation of Section 205.37, Fla. Stats. 1941. Persons operating a hotel and paying an occupational license under Section 205.29, are specifically excepted from the provisions of Section 205.37, *supra.* The evidence shows that Compton is within the exception *supra.*

Section 205.29, *supra,* classifies certain enumerated businesses designated as boarding houses, lodging houses, tourist camps, cabin camps, auto courts or hotels, "having beds for ten or more persons," for taxation purposes. The tax assessed against each of the businesses, so operated, shall be fifty cents per room. We are unable to read into the Act that one person *only* shall sleep in a single bed located in a separate room, as here contended, but more than one guest may be accommodated by sleeping together in a double bed and more than one double bed can or may be placed in a single room, but for taxation purposes the Legislature intended that each hotel, tourist camp, cabin and lodging house must have and possess sufficient beds as a minimum to accomodate "ten or more persons" during the night. The Green Lantern Hotel operated by Compton, it is admitted, accommodated and had beds for "ten or more persons."

Counsel for appellant contends that the sufficiency of the

756

evidence to sustain the judgment of conviction entered in the County Judge's Court of Washington County cannot be raised by habeas corpus, as was done in the case at bar, but the proper and only method of review is by an appeal from the judgment of conviction so entered to the circuit court in conformity with the statutes applicable thereto. It has not been shown by the record that the petitioner ever violated the statute cited and the lower court so held. The answer to this contention is the cases of Watson v. Stone, 148 Fla. 516, 4 So. (2nd) 700; McCreary v. State ex rel. Garrison, 124 Fla. 330, 168 So. 422; McLeod v. Chase, 95 Fla. 736a, 116 So. 858-9.

The judgment appealed from is hereby affirmed.

BUFORD, C. J., TERRELL and ADAMS, JJ., concur.