**STATE OF FLORIDA ex rel. JAMES CAYWOOD MURDOCK, v. NATHAN MAYO, as Custodian of Florida State Prison.**

14 So. (2nd) 421                                      June Term, 1943
July 2, 1943                                      Special Division B

*James Caywood Murdock,* in Pro. per.

*J. Tom Watson,* Attorney General, and *Woodrow M. Melvin,* Assistant Attorney General, for respondent.

BUFORD, C. J.:

This is an original proceeding in habeas corpus wherein we issued our writ directed to the Respondent Hon. Nathan Mayo as Custodian of the State Prison Farm.

It was represented in the petition that there had been no judgment of conviction of the petitioner and attached to the petition was an alleged certified copy of what purported to be sentence and judgment, the pertinent part of which was as follows:

"You, James Caywood Murdock, by the Grand Jury's Indictment in this case, were charged with the offense of murder in the first degree of one Jesse B. Hendricks. On this charge contained in this Indictment you have been tried before a Jury of twelve good and lawful men and that Jury has convicted you of manslaughter. What have you to say, or what cause have you to show to this Court why sentence of the law should not be passed upon you?

"The defendant saying nothing sufficient, it is, Considered, Ordered and Adjudged by the Court that you, James Caywood Murdock, for your said offense, be delivered by the Sheriff of Duval County, Florida, to the proper officer of the State Prison of the State of Florida, at Raiford, Florida, there to be confined at hard labor for the full term and period of Fourteen (14) years."

The return of the respondent has attached thereto and made a part thereof a photostatic certified copy of the sentence and judgment as the same appears in Minute Book 82 on page 13 of the Public Records of Duval County, Florida, the pertinent part of which is as follows:

"You, James Caywood Murdock, by the Grand Jury's Indictment in this case, were charged with the offense of murder in the first degree of one Jesse B. Hendricks. On this charge contained in this Indictment you have been tried before a jury of twelve good and lawful men and that jury has convicted you of manslaughter.

"The Court now adjudges you to be guilty of manslaughter. What have you to say, or what cause have you to show to this Court why sentence of the law should not be passed upon you?

"The defendant saying nothing sufficient, it is Considered, Ordered and Adjudged by the Court that you, James Caywood Murdock, for your said offense, be delivered by the Sheriff of Duval County, Florida, to the proper officer of the

258

State Prison of the State of Florida, at Raiford, Florida, there to be confined at hard labor for the full term and period of Fourteen (14) years."

It is quite apparent that in making a typewritten copy of the sentence and judgment for the use of petitioner the typist left out the words "The Court adjudges you to be guilty of manslaughter." An error of this kind often occurs when one short sentence ending in a particular word is immediately preceded by another sentence ending with the same word.

It appears from the record as now presented before us that the petitioner was duly adjudged guilty of the offense of manslaughter and was sentenced by the Court accordingly.

It is, therefore, our judgment that petitioner be remanded to the custody of the respondent.

It is so ordered.

TERRELL, BROWN and SEBRING, JJ., concur.