CARROLL, CHAS., Chief Judge.
The appellant Wallace Corp. sought a declaratory decree in the Circuit Court of Dade County, to establish its exemption for its hotel, against an attempt by the appellee county tax collector to charge the hotel with a dancing and entertainment license tax provided for by Section 205.37, Fla. Stat., F.S.A.
The parties entered into the following stipulation of facts:
“1. The plaintiff is the owner and operator of the Richmond Hotel located at 1757 Collins Avenue, Miami Beach, Dade County, Florida, and was such at all material times.
“2. The defendant is the Tax Collector in and for Dade County, Florida.
*627 “3. The plaintiff is a hotel paying an occupational tax as provided for in Florida Statute 20S.29.
“4. The plaintiff also owns and operates other and separate businesses for profit located in the Richmond Hotel viz: bar and cocktail lounge, restaurant and coffee shop on which the defendant has issued current and appropriate Dade County, Florida Occupational Licenses.
“5. The plaintiff provides and permits dancing and entertainment within the confines of the hotel property and that specifically such dancing and entertainment is provided and permitted within the space occupied and used as the restaurant and coffee shop located in said Richmond Hotel, as well as in the lobby of the hotel; that no admission charge is made for those who participate in such dancing.
“6. Said dancing and entertainment are provided and permitted for the purpose of stimulation of business for the bar and cocktail lounge, restaurant and coffee shop and other facilities of the hotel which are operated for a profit by the plaintiff as set out in defendant’s answer.”
Based thereon the court made the following decree:
“1. That the equities in this cause are with the defendant.
“2. That in view of the facts in this cause the plaintiff does not come within the exemption provided for in Section 205.37 of the Florida Statutes of 1955 [F.S.A.].
“3. That this cause be, and the same is, hereby dismissed at the cost of the plaintiff with prejudice.”
The statute which we are called upon to construe in this case is Section 205.37, Fla. Stat., F.S.A., reading as follows:
“Every person who operates for a profit any place where dancing is permitted or entertainment, such as variety programs or exhibitions, is provided for a charge shall pay a license tax of one hundred dollars. The license required by this section shall be in addition to any other license required by law and the operation of such a place as herein described shall not be construed to be incidental to some other business; provided, that a license may be issued for one night only, upon the payment of twenty-five dollars, but in such cases the tax collector must write across the license the words, ‘good for one night only’; provided, further, that this section shall not apply to entertainments given for charitable purposes, the proceeds of which are given to local charities; provided, further, that this section shall not apply to any place operated as a theater or moving picture show only; provided, further, that this section shall not apply to hotels paying an occupational tax as provided for in § 205.29.”
The statute in question requires one who operates any place for profit where dancing is permitted or entertainment provided for a charge, to pay a license tax of $100 in addition to any other license fees paid, with a proviso that “this section shall not apply to hotels paying an occupational tax as provided for in § 205.29”.
Section 205.29, Fla.Stat., F.S.A., reads:
“Every person engaged in the business of operating a boarding house, lodging house, tourist camp, cabin camp, auto court, or hotel having beds for ten .or more persons shall pay a license tax for each place of business of fifty cents for each room therein.”
The controlling question here is whether the exemption, created by the proviso to the effect that the statute shall not apply to hotels, should be denied to the appellant’s hotel because of the fact that dancing and entertainment are permitted in the restau *628 rant and coffee shop operated by and in the hotel.
It is our conclusion that it should not, and that the judgment must be reversed.
Pellicer v. Sweat, 131 Fla. 60, 179 So. 423, 425, held that the hotel exemption did not cause the statute to discriminate unjustly against a restaurant place furnishing dancing and entertainment for which the tax was required to be paid.
The exemption of hotels from this statute, otherwise affecting “any place where dancing is permitted”, etc., was recognized as being an appropriate and effective exemption, in Mouchas v. Stoutamire, 148 Fla. 373, 4 So.2d 459, 460, and Farrior v. State ex rel. Compton, 152 Fla. 754, 13 So.2d 147.
The Pellicer case and State ex rel. Hughes v. Wentworth, 135 Fla. 565, 185 So. 357, 360, in outlining the purpose of the statute, held it was enacted as an exercise of the police power as well as the taxing power of the legislature, and that it dealt with a “ ‘peculiar’ business * * * in the interest of the public welfare”, in view of the conditions existing in the state at the time of the passage of the act, of which the court said it could take judicial notice.
“The purpose of the statute, as we construe it, was to place a definite license tax on every place of business operated for a profit where dancing is engaged in, except those places of business which were by the terms of the statute excluded from its purview.
“The legislature probably had in mind the curbing of the operation of certain undesirable resorts and practices which are known to be a menace to good morals and deemed it necessary to include the harmless within the purview of the statute as a means to reach the vicious which would otherwise escape.” Levy v. Collins, 143 Fla. 619, 197 So. 522, 524.
The appellant contends that the operation of bars, cocktail lounges, restaurants and coffee shops in a hotel is customary, and incidental to and a part of the business of a hotel; that the exemption in the statute is plain; and that the court was in error in depriving it of the benefit of the stated exemption.
The appellee tax collector contends to the contrary. He argues that since the facilities in a hotel, such as bars, cocktail lounges and restaurants in which the dancing and entertainment are permitted and provided, are operated for profit, they must come under the tax because they fit the language in the statute as being a “place operated for profit” at which such dancing or entertainment occurs. That argument is answered by the statute itself, which taxes such places under the wording of “any place”, yet exempts hotels.
Secondly, on the same statement or predicate, the appellee argues that the bar, cocktail lounge or restaurant in a hotel can not be considered a part of the hotel, because the statute says that a place operated for profit furnishing dancing or entertainment “shall not be construed to be incidental to some other business” (with several exceptions stated including hotels). From that, the appellee argues further that such a bar or restaurant operated by or within a hotel can riot be construed as incidental to a hotel business. That position of the appellee is unsound because the statute contains the proviso that “this section shall not apply to hotels”. Thus, any and all provisions relating to the tax on other places which are contained in the statutory “section” involved, are expressly made inapplicable to hotels paying the hotel occupational tax.
Appellee presents a third argument similar to the one last mentioned, but based on the fact that a bar, cocktail lounge or restaurant in a hotel may be the subject of a separate and additional occupational license tax. Classification of such facilities (bar or restaurant), for the purpose *629 of gaining added revenue under other licensing statutes has no bearing, because the statute in question, Section 205.37, does not purport to exempt hotels from having to pay an additional license tax for operation of a bar or restaurant, but only from the added dancing and entertainment tax provided for by that particular section of the statute.
In construing and applying a statute the court must be guided by the language used, the subject regulated, the purpose to be accomplished and the means adopted for the accomplishment of such purpose, in order to determine the true and objective intent of the legislature. See Tylee v. Hyde, 60 Fla. 389, 52 So. 968, 969; State ex rel. Davis v. Knight, 98 Fla. 891, 124 So. 461, 462; Heriot v. City of Pensacola, 108 Fla. 480, 146 So. 654, 656; Peninsula Land Co. v. Howard, 149 Fla. 772, 6 So.2d 384, 386.
Applying these guides for construction, we observe that the statute in question (Section 205.37) expressly provides that it shall not apply to licensed hotels, in language that is clear and unambiguous. As to the subject regulated, it has been shown above that the act was aimed at any place operated for profit where dancing is permitted or entertainment is furnished for a charge, with certain exceptions including hotels, for which exceptions the legislature found a basis in public policy.
The purpose of the statute was to raise revenue and also for regulation of public places, under the police power. The means adopted by the legislature for accomplishing the purpose was through the levy of a substantial tax which would tend to restrain indiscriminate flourishing of such places, and to limit them to those of reasonable substance. But the important exceptions made in the statute can not be overlooked. The statute contains provisions to the effect that it shall not apply to certain entertainments for charity, to theaters or moving picture shows, or to occupationally licensed hotels. Thus, it is shown to be the legislative intent that the control desired over places of business furnishing such entertainment need not be exercised in the types of establishments to which the statute, by its express wording, “shall not apply”.
A contrary ruling would ignore and operate to repeal a material part of the statute. A hotel is no less a hotel because it contains a bar and lounge, and a restaurant. Such facilities are usual and customary in hotels, particularly in the very many resort hotels in Florida, and are the places generally within the hotels, where dancing and such entertainment will be found. It would be unrealistic to assume that the legislature, in exempting hotels from a tax on places having such entertainments, intended to exempt only those hotels which did not have such usual and customary hotel entertainment facilities. The language of the act is clear that it shall not apply to hotels, and contains no such limitations as the trial court attributed to it. No rule of policy or authority prompts denial of the hotel exemption clause to the hotel in question, under the circumstances of this case.
In reaching this conclusion we are not unmindful of the rule which requires one claiming the benefit of an exemption clause in a taxing statute to show clearly his right to its protection. Harper v. England, 124 Fla. 296, 168 So. 403, 406; State ex rel. Hughes v. Wentworth, supra, 135 Fla. 565, 185 So. 357, 359. However, this case does not present ambiguities or doubts which that rule is meant to serve.
It was error to decree that the appellant’s hotel was not entitled to the exemption in question, and the decree is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.
Reversed and remanded.
PEARSON, J., concurs.
HORTON, J., dissents.