113 So.2d 383 (1959)
STATE of Florida ex rel. B. "Babe" SHARGAA, Petitioner,
v.
R.O. CULVER, Director, Florida Division of Corrections, Respondent.
Supreme Court of Florida.
June 26, 1959.
Rehearing Denied September 15, 1959.
Sandstrom & Quick, Fort Lauderdale, for petitioner.
*384 Richard W. Ervin, Atty. Gen., and Eugene P. Spellman, Asst. Atty. Gen., for respondent.
THORNAL, Justice.
Petitioner Shargaa seeks a writ of habeas corpus in an effort to obtain his release from the State prison.
We must determine whether Shargaa is being legally restrained as a second offender.
We here renew our acquaintance with an old patron of our judicial system. Shargaa v. State, Fla. 1955, 84 So.2d 42; Perry v. Beckerman, Fla. 1957, 97 So.2d 860; Shargaa v. State, Fla. 1958, 102 So.2d 814; Shargaa v. State, Fla. 1958, 102 So.2d 809, certiorari denied 358 U.S. 873, 79 S.Ct. 114, 3 L.Ed.2d 104.
A reference to our opinion in 102 So.2d 809 will reveal that the petitioner Shargaa was convicted as a second offender pursuant to Section 775.09, Florida Statutes, F.S.A., which condemns two consecutive convictions of felonies. The first felony conviction charged against Shargaa involved the issuance of a worthless check in 1942. The second felony conviction involved the issuance of a worthless check in 1953. See 84 So.2d 42.
By his petition for the writ in the instant matter Shargaa alleges that the offense for which he was convicted in 1953 did not and could not constitute a felony. The reasons asserted for this contention are stated hereafter. It is simply the position of the petitioner that inasmuch as the second offense did not constitute a felony he is being illegally restrained under the second offender conviction.
The State contends that the second offense does constitute a felony. As an alternative argument for retaining Shargaa in prison the State contends that at all events the petitioner has waived any right to assert his present position because of his failure to make the point in prior appeals to this court.
We issued the writ. The matter is now considered on the petition, the return and the briefs of the parties.
The sum of the position taken by Shargaa is that the information pursuant to which he was convicted the second time merely charged him with uttering and issuing a bank check with knowledge that he did not have sufficient funds on deposit to pay the same. He asserts that at worst this was a misdemeanor not a felony. This is the offense condemned by Section 832.05(2), Florida Statutes, F.S.A. In order to point up the distinction which we hereafter emphasize it should be observed that Shargaa was convicted of issuing the worthless check but there is no allegation or contention that he received anything of value in exchange therefor.
By way of contrast, Section 832.05(3) condemns the issuance of a worthless check in exchange for goods or other things of value. Shargaa was not charged under this latter section.
We come now to the critical point suggested by the petition. Section 832.05(6) (a), Florida Statutes, F.S.A., announces the penalty for a violation of Section 832.05, Florida Statutes, F.S.A. In the penalty section it is provided that "any person violating the provisions of this section shall be punished in the same manner as provided by law for punishment for the crime of larceny."
In order to ascertain the penalty for violation of the worthless check statute it therefore becomes necessary for us to refer to Section 811.021(2) and (3), Florida Statutes, F.S.A., governing larceny. It will be observed that the penalty prescribed as punishment for the crime of larceny is defined in terms of the value of "the property stolen". In other words, Section 811.021 (2), provides "if the property stolen is of the value of one hundred dollars or more, the offender shall be deemed guilty of grand *385 larceny * * *" The section then provides a penalty up to five years in the State penitentiary. Section 811.021(3) in similar fashion provides that "if the value of the property stolen" is less than one hundred dollars the offense is petit larceny which carries imprisonment in the county jail not to exceed six months.
Inasmuch as the amount of the check "issued" by Shargaa was one hundred dollars it has been assumed without being decided that the offense for which he was convicted was a felony because of the apparent analogy (with regard to the amount involved) between Section 832.05, Florida Statutes, F.S.A., the worthless check statute, and Section 811.021, Florida Statutes, F.S.A., the larceny statute.
It is now of vital importance to the petitioner's position that we accord due regard to the particular language of the larceny statute.
The petitioner reminds us that he was convicted and is now serving a prison term as a second offender because of his last conviction for merely issuing a worthless check in the amount of one hundred dollars without allegation or proof of receipt of anything of value in exchange therefor. Petitioner emphasizes that the penalty provisions of the larceny statute, which are made the penalty provisions of the worthless check statute, measure the severity of the penalty, and hence distinguish between a felony and a misdemeanor, in terms of "the value of the property stolen". Petitioner then urges that since he merely issued a check and received nothing at all in exchange therefor (according to the information pursuant to which he was convicted) he could not under any interpretation of the statutes be convicted of a felony. This is so he points out because unless he has received something of value which could be analogized to "the property stolen" under the larceny statute he could not possibly be found guilty of a felony.
Petitioner asserts that under Section 775.08, Florida Statutes, F.S.A., only crimes punishable by death or imprisonment in the State prison can be classed as felonies. Every other offense is a misdemeanor. He then refers us to Section 775.07, Florida Statutes, F.S.A., which reads as follows:
"Punishment for misdemeanors where not otherwise provided
"The punishment for commission of crimes other than felonies in this state, when not otherwise provided by statute, or when the penalty provided by such statute is ineffectual because of constitutional provisions, or because the same is otherwise illegal or void, shall be a fine not exceeding two hundred dollars or imprisonment not exceeding ninety days; and where punishment by fine alone is provided the court may, in his discretion, sentence the defendant to serve not exceeding sixty days in default of the payment of the said fine."
It is the ultimate position of the petitioner that at most when he merely issued the worthless check without receipt of something of value in exchange therefor, he committed a misdemeanor punishable by imprisonment not exceeding ninety days. Petitioner further asserts that under these circumstances, inasmuch as the crime for which he was convicted cannot be described as a felony it necessarily follows that it is a misdemeanor in view of the statutes above quoted and in view of our opinion in Kimmons v. State, 156 Fla. 448, 23 So.2d 523.
We have the view that the analysis of the situation submitted by the petitioner is sound. We are compelled to conclude that the offense proscribed by Section 832.05(2) must be classed as a misdemeanor inasmuch as it is not otherwise classified as a felony, either by definition or by penalty. As a misdemeanor it is punishable under Section 775.07, Florida Statutes, F.S.A. We do not undertake to pass upon whether the offense condemned by Section 832.05 *386 (3) could amount to a felony if the property received in exchange for a worthless check has a value of $100 or more. This problem is not involved in the instant matter.
We deem it appropriate to consider the contentions of the petitioner in this habeas corpus proceeding, in view of the nature of the remedy, and in view of the proposition that habeas corpus has many times been held to be available to a person convicted and restrained under a state of facts which, as a matter of law, could constitute no offense against the laws of Florida. Farrier v. State ex rel. Compton, 152 Fla. 754, 13 So.2d 147; Watson v. Stone, 148 Fla. 516, 4 So.2d 700.
Having duly considered the matter on the petition and return and the writ having heretofore been issued, it is ordered that the petitioner Shargaa be and he is hereby released from the custody of the respondent.
It is so ordered.
TERRELL, C.J., and HOBSON, ROBERTS and DREW, JJ., concur.