THORNAL, Justice.
Petitioner Greer seeks a writ of habeas corpus in an effort to obtain his release from the State prison.
We must determine whether the offense for which Greer stands convicted constituted a felony or a misdemeanor in order to ascertain whether his current sentence is excessive.
On August 16, 1955, Greer was adjudged guilty and sentenced to a term of five years pursuant to conviction of the offense of issuing a worthless check in exchange for “money and other thing of value”. It is apparent that Greer was convicted and sentenced pursuant to Section 832.05(3) and Section 832.05(6), Florida Statutes, F.S.A. It is unnecessary for us to consider the apparent disparity between the penalty provisions of former Section 832.01, Florida Statutes, F.S.A., and Section 832.05(3), Florida Statutes, F.S.A., for the reason that the petitioner has already served the complete sentence for the original conviction. We note in passing that Section 832.01, Florida Statutes, F.S.A., has now been repealed. See Chapter 59-230, Laws of Florida, 1959. While in the State prison under the sentence above described, Greer was taken to Volusia County where, on December 14, 1956, he was tried and convicted of the crime of issuing a worthless check for the payment of money with knowledge at the time that he did not have sufficient funds on deposit to pay the check. Obviously, this second offense was condemned by Section 832.05(2), Florida Statutes, F.S.A. The principle distinction between the two offenses is that under Section 832.05(2) one can be convicted for the mere issuance of a worthless check without receipt of anything of value in exchange. Under Section 832.05(3), the crime consists of the issuance of a worthless check in exchange for services, goods, wares or other things of value.
For the offense for which he was convicted in Volusia County, petitioner Greer was sentenced to a period of one year from the date of his “delivery” to “the State prison.”
The petitioner’s original five year sentence expired on February 25, 1959. The respondent by his return pursuant to the command of the writ which we have issued, asserts that he now holds petitioner Greer in custody pursuant to the commitment for the one year sentence under the Volusia County conviction. The respondent contends that the Volusia County sentence did not begin to run until the expiration of the original five year sentence on February 25, 1959.
It is the position of petitioner Greer, that the second sentence should have run concurrently with the initial sentence. He makes no other point as a basis for his release from the State prison.
On the principle point suggested by the petitioner we are compelled to agree with the respondent. In other words, inasmuch as the trial judge did not expressly direct that the second sentence be served concurrently with the first sentence, then under Section 921.16, Florida Statutes, F.S.A., it must be held that the second sentence should be served consecutively, immediately following the termination of the first sentence.
We think we detect, however, a proposition of law which we feel requires the release of the petitioner. We are aware of the fact that he has not raised the question which we hereafter resolve. Ordinarily, this would be fatal to his position because we would be reluctant to initiate the problem. However, we must bear in *388 mind that we here deal with the scope of a writ of habeas corpus as related to the rights of a man being held in custody pursuant to a conviction and sentence in the criminal courts of the State. We deem it to be our responsibility under such circumstances to suggest sua sponte if necessary, any aspect of illegality in the restraint even though not mentioned by the prisoner and even though it might lead to a discharge from custody. See Anglin v. Mayo, Fla.1956, 88 So.2d 918.
We have this date held that Section 832.05(2), Florida Statutes, F.S.A., which prescribes that the mere issuance of a worthless check constitutes a misdemeanor punishable under Section 775.07, Florida Statutes, F.S.A. See State ex rel. Shargaa v. Culver, Fla., 113 So.2d 383. The reasons for our position are adequately delineated in the case last cited. Repetition here would be unduly burdensome.
It will be recalled that petitioner Greer is being held under a commitment for a one year sentence beginning February 25, 1959. He was convicted of the offense condemned by Section 832.05(2), supra, and sentenced to one year in prison. In view of our holding that the offense for which he was convicted constituted a misdemeanor, punishable under Section 775.07, Florida Statutes, F.S.A., the maximum prison sentence which could have been imposed for the offense for which he stood convicted was a total of 90 days (rather than one year) from February 25, 1959. The 90 day period having expired the petitioner is entitled to be released.
The writ having heretofore been issued and 'finding as we do that on the basis of the petition and return the restraint of the petitioner Greer is now illegal, it is hereby ordered that he be discharged from custody.
It is so ordered.
TERRELL, C. J., and HOBSON, ROBERTS and DREW, JJ., concur.