TERRELL, Justice.
On May 31, 1956, information was filed in the Criminal Court of Record, Broward County, charging petitioner with issuing worthless checks in amount of more than $50, two checks for $200 each being involved in the transaction. The information was in two counts, a plea of guilty was entered as to each count and defendant was sentenced to five years in the state penitentiary on each count, sentences to run concurrently.
■ On the same date as the first information a second information was filed against petitioner in the same court charging him with issuing a worthless check in the sum of more than $50, there being one check in the sum of $100 involved in this transaction. A plea of guilty was entered and defendant was sentenced to a term of five years in the state penitentiary. The sentences were imposed September 14, 1956.
We are confronted with a petition for habeas corpus detailing the foregoing facts on which we granted the writ. Respondent has entered his return and petitioner has made a motion to discharge him notwithstanding the return. The cause is before us for determination on the issues made by the return and motion to discharge.
The point presented for adjudication is whether or not on the basis of the facts so detailed petitioner is entitled to be discharged from custody.
We were confronted with the identical question in State ex rel. Shargaa v. Culver, Fla.1959, 113 So.2d 383. We there held that since the offense condemned by § 832.-05(2), Florida Statutes, F.S.A., must be classed as a misdemeanor, it is nowhere classified as a felony, and being so it is punishable under § 775.07, Florida Statutes, F.S.A.
As in the Shargaa case, petitioner in this case was convicted of issuing worthless checks, knowing he had no funds in the bank to pay them, but there was no allegation that he had received anything of value for them. The petitioner, Norman Broad, be and he is hereby released from custody of respondent on authority of the doctrine in Shargaa v. Culver.
It is so ordered.
THOMAS, C. J., and HOBSON, ROBERTS and O’CONNELL, JJ., concur.