THORNAL, Justice.
In an original proceeding for a writ of habeas corpus, petitioner Wood seeks release from incarceration in the State Prison.
The unsworn petition alleges that petitioner was convicted and sentenced to the State Prison for the “offense of writing 6 checks”, all under $100 iff amount. Petitioner says that there was no allegation or proof of receipt of anything of value in exchange for the checks. He therefore claims entitlement to discharge from a six-year sentence in view of our opinions in State ex rel. Shargaa v. Culver, Fla., 113 So.2d 383, and Greer v. Culver, Fla., 113 So.2d 386. The petition was not under oath. It was thoroughly saturated with irrelevancies and immaterialities typical of such documents produced in the foreboding atmosphere of the State Prison. We, nevertheless, extended prima facie credence to the claims of the petition and required a return which has now been filed. Cash v. Culver, 3S8 U.S. 633, 79 S. Ct. 432, 3 L.Ed.2d 557. The photostatic exhibits of court records affixed to the return reveal that the petitioner was committed to the State Prison pursuant to judgments of convictions on four counts of forgery and two counts of uttering a forged instrument. He was sentenced January 7, 1959.
The record now before us reveals the inaccuracy of the allegations of the original petition which we relied upon in issuing the writ. The petitioner concedes *194 that he was convicted of an offense of “writing 6 checks.” It is clear that the charge was not merely the writing and issuing of “worthless checks” but rather was the writing and uttering of forged instruments. The crimes are different and the penalties therefor are considerably different. Forgery and uttering a forged instrument are condemned by Sections 831.01 and 831.02, Florida Statutes, F.S.A. Since the offenses here were committed prior to May 9, 1959, the effective date of Chapter 59-31, Laws of Florida, 1959, we need not concern ourselves with the effect of the later statute even if it were otherwise applicable and constitutionally enforceable. Article III, Section 32, Florida Constitution, F.S.A.; Turner v. State, 87 Fla. 155, 99 So. 334; Ex parte Browne, 93 Fla. 332, 111 So. 518. The sentence of one year on each count running consecutively was well within th£ maximum allowed by Sections 831.01 and 831.02, supra, as they were in effect at the time of the commission of the offenses. The petitioner, therefore, has no basis for complaint.
We think it appropriate to remind that Section 79.01, Florida Statutes, F.S.A., requires that an applicant for a writ of habeas corpus “show by affidavit or evidence” probable cause to believe that his restraint is illegal. We are not at all unmindful of the high prerogative nature of the writ of habeas corpus. Anglin v. Mayo, Fla., 88 So.2d 918. Admittedly also, we ourselves have extended considerable latitude in pleading to one seeking the issuance of this writ. Sneed v. Mayo, Fla., 66 So.2d 865. For these various reasons we gave to the instant petitioner the benefit of the doubt and overlooked the technical inadequacies of his original petition. However, for the guidance of those who might seek such relief in the future we here point out that an unsworn petition has no evidentiary value when met by an undisputed return which presents photostatic exhibits of court records clearly sustaining the legality of the detention. State ex rel. Murdock v. Mayo, 153 Fla. 256, 14 So.2d 421; State ex rel. Waldrop v. Mayo, 125 Fla. 442, 170 So. 117.
Here the allegations of the unsworn petition were shown by the return and its exhibits to be totally without merit. It is not our purpose to forestall the presentation of any legitimate claim to release from illegal restraint. We think, however, that it is not inappropriate to emphasize the existence of the orderly rules of procedure to be followed in such matters, in the hope that the procedural liberality heretofore extended will not be abused. On the contrary the rules should be observed. Finding no merit to the petition the writ is discharged and the petitioner is remanded to the custody of the respondent.
It is so ordered.
THOMAS, C. J., and ROBERTS, DREW and O’CONNELL, JJ„ concur.