O’CONNELL, Justice.
Petitioner John B. Parrish, Jr., on January 17, 1958 was adjudged guilty and sentenced in three cases, one of which contained two counts, wherein in each he had been informed against for “issuing worthless checks.” His total sentence in the state prison was for six years and he was committed on that date, January 17, 1958.
On May 5, 1960 petitioner filed with this Court his petition for writ of habeas corpus, alleging that he was then unjustly and unlawfully imprisoned and deprived of his liberty.
Upon considering the petition, this Court issued its writ and ordered the respondent to make his return thereto.
In his return respondent stated that it had come to his attention upon reviewing this case that in none of the three informa-tions charging petitioner with the offenses was there an allegation that petitioner had received anything whatsoever in return for such checks. Respondent suggested that this Court upon consideration would find that petitioner is entitled to relief upon *424 the basis of the authority adopted by this Court in State ex rel. Shargaa v. Culver, Fla.1959, 113 So.2d 383.
We find that under Shargaa, supra, the petitioner is entitled to relief and we hereby rule for him thereon regardless of the fact he did not raise this issue himself for our consideration. Greer v. Culver, Fla. 1959, 113 So.2d 386.
The maximum lawful sentence petitioner could have received for each of the three offenses was 90 days. Even allowing for the consecutive sentences, the time for the serving of such has long expired.
The writ having heretofore been issued and finding as we do that the restraint of the petitioner is now illegal, it is hereby ordered that he be discharged from the custody of the respondent.
.It is so ordered.
THOMAS, C. J., and TERRELL, DREW and THORNAL, JJ., concur.