THORNAL, Justice.
By an original petition for a writ of habeas corpus Penrod seeks release from the State prison.
The main point to be determined is whether the obtaining of property of a value in excess of $100 in exchange for a worthless check contitutes a felony under Section 832.05(3), Florida Statutes, F.S.A.
Petitioner pleaded guilty to an information which charged that in exchange for a worthless check he obtained “certain services, goods, wares and other things of value, to wit: merchandise * * * of the value of more than $100.00 * * * ” He was sentenced to three years in the State prison for the offense allegedly committed on December 28, 1959.
The petitioner contends that the word “merchandise” is too indefinite to describe the property obtained. He further contends that the statute pursuant to which he was convicted defined a misdemeanor rather than a felony.
Petitioner attempts to extract some comfort from our opinion in State ex rel. Shargaa v. Culver, Fla., 113 So.2d 383. We there held that the offense condemned by Section 832.05(2), Florida Statutes, constituted a misdemeanor only. This was so because under this section the crime of issuing a worthless check could be committed without obtaining anything of value. Inasmuch as Section 832.05(6), provided that any person violating Section 832.05(2) “shall be punished in the same manner as provided by law for punishment for the crime of larceny,” it would be impossible to apply the larceny statute for the reason that the penalty for larceny is gauged by the value of the property stolen. Section 811.021, Florida Statutes.
*336 The situation presented in the instant petition is different. Here the petitioner was convicted of a violation of Section 832.05(3), which condemns the issuance of a worthless check in exchange for goods or other things of value. The information alleged the property to be a value of more than $100. We have illustrated in the case before us the situation which we foresaw but were not compelled to meet in State ex rel. Shargaa v. Culver, supra. In the instant case it is alleged and admitted that the petitioner obtained property of a value in excess of $100 in exchange for the worthless check. We, therefore, have present the element that was lacking in Shargaa and which enables us to analogize this section of the bad check law to the larceny statute. Section 811.021, Florida Statutes. The value of property obtained in exchange for the worthless check is analogous to the value of the property stolen under the larceny statute. If the value of the property obtained amounted to $100 or more, as was the case here, then the worthless check offender is subject to the grand larceny penalty. If the value of the property obtained is less than $100 the worthless check offender is subject to the petit larceny penalty. In sum, in order to penalize the accused under the larceny statute for the issuance of a worthless check, it is necessary to allege and prove the obtaining of something of value. The degree of the offense will depend upon the value of the property obtained.
There are very few states which have a worthless check statute with penalty provisions similar to ours. The most closely analogous is the State of Washington. The Supreme Court of that state has disposed of this problem in a fashion similar to our disposition in State ex rel. Shargaa v. Culver, supra, and in the instant case. Jcane v. Smith, 34 Wash.2d 826, 210 P.2d 127; Barry v. Cranor, 34 Wash.2d 929, 210 P.2d 822 and Persinger v. Rhay, 52 Wash. 2d 762, 329 P.2d 191. See also, University of Miami Law Review, Vol. XIV No. 3, p. 486.
On the other point raised by the petitioner to the effect that the word “merchandise” is too vague and indefinite to support the information we likewise find his position to be without merit. Merchandise while general nevertheless obviously comprehends a specie of personal property subject to larceny and comes within the expression “goods, wares and other things of value” described in the statute.
The petition having presented questions of law only we have found it unnecessary to require a return. Points presented by the petition being without merit, the prayer for the issuance of a writ of habeas corpus is denied.
It is so ordered.
THOMAS, C. J., and ROBERTS, DREW and O’CONNELL, JJ., concur.