THORNAL, Justice.
By an original petition for a writ of habeas corpus, Harrington seeks release from the state prison.
We must consider the validity of the sentence which the petitioner is currently serving.
On October 20, 1959, Harrington pleaded guilty to issuing a worthless bank check in exchange for “services, goods, wares or other thing's of a value of $250.00.” On that date he was sentenced by the Circuit Court of Alachua County to a term of six months to five years. On December 9, 1959, in the Circuit Court of St. Johns County, Harrington pleaded guilty to an information charging him with issuing a worthless check in the amount of $147.11. There was no charge that he issued the check in exchange for anything of value. The Circuit Court of St. Johns County sentenced the petitioner to a term of six months to five years. If valid the two sentences would run consecutively and the petitioner would still be legally in the custody of the respondent. Section 921.16, Florida Statutes, F.S.A.; Greer v. Culver, Fla., 113 So.2d 386. If, however, the second sentence was invalid, as the petitioner contends, he is entitled to release inasmuch as the first sentence has been served with a credit for regular and extra gain time.
On July 21, 1960, the petitioner sought release on the basis of allegations similar to those now asserted. On July 25, 1960, we denied his petition for a writ of habeas corpus but “without prejudice to renewal after service of a valid sentence.” The current petition is filed pursuant to the proviso contained in our former order.
 The Alachua County sentence was valid. The information charged Harrington with issuing the worthless check in exchange for “services, goods, wares or other things of the value of $250.00.” This information properly charged an offense which constitutes a felony under Section 832.05(3), Florida Statutes, F.S.A. The sentence of six months to five years pursuant to the plea of guilty was a valid sentence. Penrod v. Cochran, Fla., 123 So.2d 334.
It is conceded that with credit for regular gain time supplemented by extra time the Alachua County sentence has been served. Therefore, unless the St. Johns County sentence is valid the petitioner is entitled to release.
Harrington was tried and convicted by the Circuit Court of St. Johns County for an alleged felony. However, the crime charged did not constitute a felony when committed in 1959. State ex rel. Shargaa v. Culver, Fla., 1959, 113 So.2d 383. Pie was charged with issuing a worthless check but it was not alleged that he received anything of value in exchange therefor. Consequently, the crime charged in St. Johns *262 County constituted a misdemeanor for which the maximum penalty would be imprisonment not exceeding 90 days. State ex rel. Shargaa v. Culver, supra. Section 832.05(3), Florida Statutes, F.S.A., was amended by Chapter 61-284, Laws of 1961, evidently to correct the defects pointed out in our Shargaa decision. Moreover, as the respondent by his return readily concedes, the Circuit Court of St. Johns County had no jurisdiction to try the petitioner on the charge of a misdemeanor. The criminal jurisdiction of that court does not include the trial of misdemeanors. The judgment of the St. Johns County Circuit Court is, therefore, void.
Finding as we do that the judgment pursuant to which the petitioner is now detained is void, it must be concluded that he is entitled to be released. It is ordered that the petitioner Harrington be and he is hereby released from the custody of respondent.
It is so ordered.
ROBERTS, C. J., and TERRELL, THOMAS and DREW, JJ., concur.