KANNER, Judge.
Judgment of conviction and sentence here appealed were imposed against defendant-appellant, John R. Crowell, consequent upon jury verdict by which he was found guilty of a felony under an information pursuant to section 832.05(3), Florida Statutes, F.S. A., charging, essentially, that he had issued a worthless check for which cash was received. The trial court sentenced him to serve a period of from six months to three years in the state prison.
*850 The position of the appellant is that he was tried under an erroneous theory of law 'because there was no cash nor anything else of value received by means of the worthless check. The state contends that the conviction should be upheld. It urges that, since there was filed no motion for directed verdict of acquittal or for new trial questioning the sufficiency of the evidence to sustain appellant’s conviction, he is precluded from raising that issue on appeal. We do not think that this principle of law applies here. From our study of the evidence, we are ■convinced that there has been an erroneous application of law through imposition of an excessive sentence.
Appellant, on May 29, 1961, drew and gave to Harold Ray Penn and Mildred T. Penn a worthless check for $2,357.70. The facts leading up to this act indicate that Penn arranged for the Crowell Mortgage & Insurance Corp., of which appellant was vice president, to handle the closing of the ■sale of certain real estate to one Lopez and to receive from Penn a fee of $20. Lopez, sometime in March, 1961, paid a binder fee •of $200 and on April 14, 1961, a down payment of $2,311.32, these sums being turned •over by him to the corporation to be held in escrow until such time as Penn turned •over the deed of the property for delivery to Lopez. Neither the corporation nor .appellant was authorized to utilize any part of these funds. Both checks were promptly cashed by the corporation. Penn sent a deed to the corporation and, failing to receive the Lopez money in return, telephoned appellant and was told by him that there was a defect in the deed which should be corrected. Penn then confronted appellant and at that time executed and gave to him another deed, whereupon appellant -made and gave to Penn the worthless •check, deducting closing costs. Predicate for payment by Penn of the $20 fee was ■deduction of it by appellant in making the worthless check.
It should be here commented that the violation with which we are dealing transpired in May of 1961, prior to the effective date of the 1961 legislative enactment revising the worthless check statute. The violation of this accused must be considered under the statutes in existence at the time the worthless check was ■ made and uttered.
Section 832.05(3) of the worthless check statute makes it unlawful to obtain any services, goods, wares, or other things of value by means of a check, knowing at the time of the making, drawing, uttering, issuing, or delivering of it that the maker does not have sufficient funds on deposit with which to pay it upon presentation. The punishment therefor, by section 832.05(6) (a), is in the same manner as provided by law for punishment of the crime of larceny.
Under the question of a proper penalty to be administered the nature of appellant’s violation must be categorized. A case which has proved helpful, though not factually parallel, is that of Helms v. State, Fla.App.1961, 128 So.2d 756, wherein the First District Court of Appeal, speaking through Judge Wigginton, reversed and returned the case to the lower court for entry of an appropriate judgment and sentence for a misdemeanor because of violation of section 832.05(2). There, a building contractor had been charged with having obtained money, property, or other things of value by uttering and passing worthless checks, knowing at the time that the funds to pay them were insufficient. In considering the evidence in the light of section 832.05(3), the court observed at page 758:
“In order for one to be guilty of the offense proscribed by the statute, the worthless check uttered and issued by the person charged must have been the means by which the goods, services, wares or other thing of value was obtained. The proof must show that the worthless check was uttered and issued by defendant to the payee before or simultaneously with the performance of the service or delivery to defendant of the goods, wares or other thing of value, the check being the inducement *851 for the payee to perform the services or deliver possession of the goods involved in the transaction.”
The court held that the worthless checks were not the means or inducement for performance of the services in purported payment of which the checks were issued but that the services were rendered by the employees-payees with the hope or expectation that, at the end of the work week, they would be paid for their services. The further comment was made that the theory upon which the trial court evidently found the defendant guilty of a felony was that the value of the services procured by means of the worthless checks brought the violation within the penalty proscribed for the offense of grand larceny.
Appellant insists that no cash nor anything of value was received by means of the worthless check, because the Lopez checks had been received and cashed about a month prior to his giving of the check. Yet, the Lopez money was trust money, not paid to the corporation, but placed with it by Lopez expressly in reliance that the funds would be held in escrow until such time as they should be given to Penn in exchange for the deed. In his brief, appellant states that “Penn did not give up a thing for the worthless check”; yet Penn did relinquish the deed to his property for conveyance to Lopez to complete the closing, and he did accept the check from appellant releasing by deduction the sum of $20 as closing fee.
Applying the Helms case, the inducement which led Penn to pay the handling fee through permitting deduction from the check and accepting that check in the curtailed sum was the giving to him by appellant of the check, which proved to be worthless. The effect would have been the same had there been no deduction of the fee and Penn, instead, had passed to appellant a $20 bill to cover the handling fee. Insofar as Penn was concerned, the money was in escrow and became his at the moment when he turned over to appellant the corrected deed, receiving therefor the check representing this money, less the fee and other closing costs; and when he gave the corrected deed and received in exchange the worthless check, the closing was purportedly then and there consummated. The Lopez money, for the first time, was authorized to be disturbed through bringing it out of escrow for transfer to Penn. Up to that point, the funds still belonged to Lopez and did not constitute “cash” to the corporation or appellant from Lopez; and as of that point, the funds belonged to Penn for deduction from them of closing costs. It was not incumbent upon Penn to pay the $20 closing fee until the closing had been completed. Thus, under the Helms case, the element of simultaneous performance came into operation through exchange of the check for the handling fee, as did the element of inducement via the check which impelled Penn, through the deduction, to pay the $20 handling fee.
The state concedes that, for the giving of the worthless check by appellant, only the $20 handling fee was derived. Appellant admits that he executed and delivered the worthless check, at which time Penn delivered the corrected deed; nor does he dispute that at such time he deducted the $20 handling fee.
The facts are sufficient to bring appellant’s offense within the periphery of section 832.05(3) of the worthless check statute but not as a felony, since the sum acquired is less than $100. Under the law applicable here, the penalty which may properly be meted is the same as provided by law for commission of the crime of petit larceny, punishable under section 811.021(3) by imprisonment in the county jail not exceeding six months or by fine not exceeding $300. See Penrod v. Cochran, Fla.1960, 123 So.2d 334. We therefore return the case to the lower court for entry of appropriate judgment and sentence in conformance with the views here expressed.
Reversed and remanded with directions.
SHANNON, C. J., and WIGGINTON, JOHN T., Associate Judge, concur.