WIGGINTON, Chief Judge.
Appellant was tried and convicted on two counts of an information, each of which charged him with having obtained money, property or other thing of value by uttering and passing a worthless check to certain named payees, knowing at the time that there was not sufficient funds on deposit to pay the same. The first count charges that the worthless check described therein was given to one individual in a stated amount, while the second count charges that a different worthless check was given to another individual in a different stated amount. Appellant was adjudged guilty on both counts of the information and sentenced to a term of five years imprisonment on the first count, with sentence on the second count deferred during a five-year period of probation to begin on completion of the sentence imposed under Count One.
It is appellant’s principal contention on appeal that the sentences imposed by the judgment are excessive in that the proof reveals that he was guilty of nothing more than a misdemeanor, whereas the sentences imposed are justified only in the event he was lawfully convicted of a felony.
It is apparent from an examination of the information that appellant was charged with violation of F.S. Section 832.05(3), F.S.A., which is as follows:
“It shall be unlawful for any person, firm or corporation to obtain any services, goods, wares or other things of value by means of a check, draft or other written order upon any bank, person, firm or corporation, knowing at the time of the making, drawing, uttering, issuing or delivering of said check or draft that the maker thereof has not sufficient funds on deposit in or credit with such bank or depository with which to pay the same upon presentation, provided however that no crime may be charged in respect to the giving of any such check or draft or other written order where the payee •knows or has been expressly notified or has reason to believe that the drawer did not have on deposit or to his credit with the drawee sufficient funds to insure payment thereof.”
An examination of the foregoing statute clearly reveals that the offense condemned thereby is the obtaining of money, services, goods, wares, or other things of value by means of a check, knowing at the time of making, uttering and issuing the check that there are not sufficient funds on deposit *758 with the bank to pay it when presented. In order for one to be guilty of the offense proscribed by the statute, the worthless check uttered and issued by the person charged must have been the means by which the goods, services, wares or other thing of value was obtained. The proof must show that the worthless check was uttered and issued by defendant to the payee before or simultaneously with the performance of the service or delivery to defendant of the goods, wares or other thing of value, the check being the inducement for the payee to perform the services or deliver possession of the goods involved in the transaction.
The uncontradicted proof in the record before us shows that defendant was a building contractor employing a number of skilled and unskilled laborers. The check described in Count One of the information was uttered by defendant and issued to a carpenter working for him in connection with his business. The check described in Count Two was uttered and issued to a painter likewise employed by defendant. Both checks were given in payment of services rendered by the payees during the preceding work-week. It unmistakably appears that the services rendered by the payees named in the checks involved in this prosecution were not obtained by means of the checks, but were rendered by the payees with the hope or expectation that at the end of the work-week they would be paid for their services. The worthless checks were not the inducement for the performance of the service in purported payment of which the checks were issued. For the reasons stated above the proof is wholly insufficient to sustain the conviction of defendant under the section of the statute quoted above. The statute in question provides any person violating its provisions shall be punished in the same manner as provided by law for punishment for the crime of larceny.[1] It was evidently upon the theory that the value of the services obtained by the defendant by means of the worthless checks involved in this case exceeded the sum of $100 that the trial court conceived defendant was guilty of a felony, and should be sentenced under the statute prescribing the penalty for the offense of grand larceny.[2]
The information filed against defendant, although intended to charge an offense under subsection 3 of the worthless check statute, is sufficient to charge an offense under subsection 2 of the same statute. The latter section provides that it shall be unlawful for any person to utter, issue or deliver to another any check on any bank for the payment of money, knowing at the time of uttering, issuing or delivering such check that the maker or drawer does not have sufficient funds on deposit in the bank with which to pay the check on presentation.[3] The evidence contained in the record is sufficient to sustain a conviction under the last mentioned section of the statute. In Shargaa[4] our Supreme Court held that an offense under subsection 2 of the worthless check statute last mentioned constitutes a misdemeanor for the conviction of which a person may be penalized in accordance with the statute prescribing the penalty for the crime of petit larceny.[5]
We have carefully considered the remaining assignments of error but find them to be without substantial merit. The judgment appealed is reversed and the cause remanded for the entry of an appropriate judgment and sentence in accordance with the views herein expressed.
STURGIS and CARROLL, DONALD K., JJ., concur.

. F.S. Sec. 832.05(6), F.S.A.

. F.S. Sec. 811.021(2), F.S.A.

. F.S. Sec. 832.05(2), F.S.A.

. State ex rel. Shargaa v. Culver, Fla. 1959, 113 So.2d 383.

. F.S. See. 811.021(3), F.S.A.