136 So.2d 633 (1962)
STATE of Florida, Petitioner,
v.
Elmer M. HARRIS, Respondent.
No. 31209.
Supreme Court of Florida.
January 10, 1962.
*634 Richard W. Ervin, Atty. Gen., and Reeves Bowen and Joseph Nesbitt, Asst. Attys. Gen., for petitioner.
Stephens & Hames, Miami, for respondent.
O'CONNELL, Justice.
In this case the state filed a petition for certiorari contending that the decision of the District Court of Appeal, Third District, reported as Harris v. State, Fla.App. 1961, 123 So.2d 752 is in direct conflict with numerous prior decisions of this Court and at least one decision of another district court of appeal.
We issued the writ and have heard argument of the parties.
The simple facts of this case are adequately reflected in the opinion of the district court and we will not restate them here.
The first question to be answered is whether the state has the right to seek certiorari from a decision of a district court in which that court in a criminal case rules adversely to the state and favorably to an accused
This question was raised by this Court. We requested the parties to file supplemental briefs on the question and they have done so.
There can be no doubt that this Court has the authority to entertain a petition for certiorari filed by the state in a criminal proceeding if the requisite conflict of decisions exists. Article V, Section 4(2), Florida Constitution, F.S.A., empowers this Court to review by certiorari "any decision" of a district court of appeal which is in conflict with a prior decision of this Court or of another district court of appeal. There is nothing in the constitution which limits the authority of this Court to entertain such petitions by the state in criminal proceedings, nor is the right of the state to file such a petition in a criminal proceeding limited by this or any other provision of the constitution.
Therefore any limitation on the right of the state to apply to this Court for a petition for certiorari directed to a decision of a district court in a criminal proceeding must arise not out of any lack of authority in this Court to entertain such nor out of any constitutional restriction on the state, but rather out of some statutory limitation imposed on the state by the legislature.
We find no such limitation or restriction in the statutes of this state.
The defendant contends, first, that the constitutional provision authorizing this Court to review conflicting decisions of the district courts by certiorari is not selfenacting and must be effectuated by an implementing statute. This position is not tenable. See Gray v. Bryant, Fla. 1960, 125 So.2d 846, 851, and State ex rel. Attorney General v. Gleason, 1868, 12 Fla. 190, 209.
The defendant further contends that Sec. 924.07, F.S.A., which limits the right of the state to appeal from decisions adverse to it in criminal proceedings, also limits the right of the state to take certiorari.
Unfortunately for the defendant the plain words of Sec. 924.07, F.S.A., do not support his contention. The statute deals only with direct appeals in criminal proceedings and clearly does not and was not intended to proscribe the authority of the state to seek either common law certiorari now exercised by the district courts or constitutional certiorari of the variety now exercised by this Court.
While the legislature cannot limit the constitutionally conferred authority of this Court to entertain petitions for certiorari, we have no doubt that it can restrict the state in seeking review by certiorari of adverse decisions in criminal cases just as it has limited its right to appeal through Sec. 924.07. But the fact is that as of now it has not done so and until it does *635 the state has the same right to petition this Court for certiorari in criminal proceedings as does the defendant.
In State v. Bateh, Fla. 1959, 110 So.2d 7, cert. den., 361 U.S. 826, 80 S.Ct. 74, 4 L.Ed.2d 69, this Court entertained a petition for certiorari filed by the state in criminal proceedings. In that case the state sought review of a decision of a district court of appeal.
Although this Court ultimately determined that the requisite conflict of decision did not exist in the Bateh case, it determined it had the right to entertain the petition saying at 110 So.2d p. 9, that:
"* * * We think the state's position is sound and that, therefore, this court, by virtue of Sec. 4(2), Article V of the Constitution as amended in 1956, F.S.A., is vested with jurisdiction to entertain, and is obligated to discuss and decide that phase of this controversy. * * *"
Prior to adoption of the present Article V, Fla. Const., this Court entertained a petition by the state for common law certiorari in a criminal proceeding in State v. Andres, 1941, 148 Fla. 742, 5 So.2d 7, which indicates that the state was considered to have the right to petition for certiorari in criminal cases.
It should be pointed out, however, that it does not appear that the right of the state to seek certiorari was contested in either the Bateh or the Andres case.
The district courts of appeal have entertained petitions by the state for common law certiorari in criminal proceedings and quashed judgments of circuit courts entered therein. State v. Atwell, Fla.App. 1957, 97 So.2d 125 and State v. Staley, Fla. App. 1957, 97 So.2d 147. This again indicates that the state has been considered to have the right to seek certiorari in criminal cases.
While it does not appear that the state's right to petition for certiorari was raised in the Staley case, the defendant in the Atwell case contended that the state had the right of appeal and therefore certiorari would not lie. The district court rejected the defendant's position stating that none of the instances set forth in Sec. 924.07 were applicable and therefore the state could not have appealed. This statement is consistent with our decision here, i.e. that Sec. 924.07 limits the state in appeals but not in certiorari proceedings.
We therefore conclude that this Court has the authority to entertain a petition for certiorari by the state in a criminal proceeding, where the requisite conflict is shown, and that under existing law the state has the right to present such a petition.
We go then to a determination of the existence or not of a conflict in decisions.
As shown by the statement of facts in the opinion of the district court of appeal under attack, Elmer M. Harris, the defendant, was convicted of the offense of obtaining things of value in excess of $100.00 by means of a worthless check. This is the crime denounced by Sec. 832.05(3), F.S.A.
In its opinion the district court among other things stated:
"* * * The check in question was for the sum of $338.48 and appears to have been given in part payment of an existing obligation. * * *"
This finding of fact by the district court is sufficient to justify its reversal of the conviction of the crime of obtaining things of value in exchange for a worthless check for the reason that payment of a pre-existing obligation by a worthless check does not constitute the obtaining of any thing of value in exchange therefor. The state does not contend that the reversal of the conviction was incorrect.
However, immediately following the statement above quoted the district court said:
"* * * The check for $338.48, upon which prosecution was predicated, *636 was placed for clearance by Johnson [the complaining witness] and was returned by the bank indicating that there was insufficient funds in appellant's account to pay the check. * * *"
The state contends that this last statement of fact by the district court clearly constitutes sufficient proof of a violation of Sec. 832.05(2), F.S.A., which statute in short condemns the issuance of a worthless check without obtaining anything of value in exchange therefor, and that therefore the district court should not have directed that the trial court discharge the defendant but rather should have directed that the trial court enter judgment and sentence for a violation of Sec. 832.05(2), F.S.A
This should have been done, says the state, because the issuance of a worthless check without obtaining anything of value, as condemned by Sec. 832.05(2), is a lesser included offense of the crime of issuing a worthless check in exchange for something of value, as condemned by Sec. 832.05(3); and because Sec. 924.34, F.S.A. enacted in 1939, requires that where an appellate court, when considering a criminal case where the offense is divided into degrees or is one which necessarily includes lesser offenses, determines that the evidence does not support the offense of which defendant was found guilty, but does establish his guilt of a lesser degree of the crime or of a lesser offense necessarily included therein, then the appellate court shall reverse the judgment of conviction of the greater offense with directions to the trial court to enter judgment and sentence for such lesser degree of crime or some lesser included offense, unless some other matter makes it advisable that a new trial be had.
The state points out that this Court has, pursuant to the dictates of Sec. 924.34, repeatedly held that where this Court on appeal finds that the evidence in a criminal cause is not sufficient to support the offense charged, but is sufficient to sustain conviction of a lesser degree of the crime charged, or a lesser offense necessarily included in the one charged, the conviction of the greater crime should be reversed and the cause remanded with directions to enter judgment and sentence for the lesser offense which is supported by the evidence.
In view of the frequent application and firm establishment of this doctrine in the case law of this state it is necessary to cite only a few representative cases. Sheffield v. State, Fla. 1954, 73 So.2d 65; Arnold v. State, Fla. 1955, 83 So.2d 105; and Jalbert v. State, Fla. 1957, 95 So.2d 589.
In addition to these cases, all emanating from the Supreme Court of Florida, the District Court of Appeal, First District, in Helms v. State, Fla.App. 1961, 128 So.2d 756, a case almost identical to the one now under consideration, found that the evidence was not sufficient to support the charge in the information, which was laid under Sec. 832.05(3), but that it was sufficient to sustain a conviction under Sec. 832.05(2). In that opinion the district court reversed the trial court with directions that a proper judgment and sentence be entered for the lesser included offense.
If we here determine that the issuance of a worthless check, without receiving anything of value therefor, is a lesser offense necessarily included in the offense of obtaining something of value by means of a worthless check, it is apparent that there is a conflict between the decision here under assault and prior decisions of this Court and another district court of appeal on the same question of law.
We have no difficulty in arriving at the conclusion that the offense denounced by Sec. 832.05(2), the mere issuance of a worthless check, is a lesser offense necessarily included in the higher offense condemned by Sec. 832.05(3), the obtaining of something of value by means *637 of a worthless check. Quite obviously this is the conclusion reached by the Court in Helms v. State, supra.
As correctly stated by the district court in the opinion here under attack, both Sections 832.05(2) and 832.05(3) condemn the issuance of a worthless check. These sections, that court said, differ in that Sec. 832.05(3) "* * * condemns, in addition to the issuance of a worthless check, the obtaining of services, goods, wares or other things of value by means of the check. * * *"
It is apparent that the greater offense is to obtain something of value by means of a worthless check, and equally apparent that the making, uttering, etc. of such a check is a necessarily included lesser offense. In fact, the greater offense proscribed by Sec. 832.05(3) cannot be proved unless the offense condemned by Sec. 832.05(2) is also proved. The information in this cause properly charged both elements of the offense charged against defendant and is adequate to sustain a conviction of the lesser offense.
The district court of appeal in its opinion in this case stated that the check involved was given to the complaining witness in part payment of an existing obligation and that it was placed for clearance and returned by the bank for insufficient funds. As stated by this Court in Shargaa v. State, Fla. 1955, 84 So.2d 42 this was sufficient to prove the state's case under Sec. 832.05 (2). Thus on the face of the opinion it is clear that the evidence was adequate to support a conviction of the lesser included offense and that the district court should have reversed and remanded with directions to enter judgment and sentence for the lesser offense rather than direct that the defendant be discharged.
Although defendant in his brief filed before us suggests that the exception or defense contained as a proviso in the last portion of both Sections 832.05(2) and (3) is applicable, the district court does not mention such in its opinion and there is no basis upon which we can consider the matter here. The exception or defense mentioned above relieves a person of criminality for issuance of a worthless check if the payee or holder thereof knows or has reason to know that it is worthless when received.
In this case the defendant was not discharged in accordance with the mandate of the district court of appeal in that the trial court never issued its order discharging him. Our decision might be different if the defendant had actually been discharged.
In its opinion the district court indicated concern over the fact that it would be difficult to arrive at a proper penalty for a violation of Sec. 832.05(2). The question of the penalty to be awarded for the violation of this statute was settled in State ex rel. Shargaa v. Culver, Fla. 1959, 113 So.2d 383. In that case we held that a violation of this statute was a misdemeanor punishable under F.S., Sec. 775.07, F.S.A. This decision was followed in Helms v. State, 128 So.2d 756, supra.
Thus, when this cause is remanded to the trial court with directions to enter judgment and sentence for violation of Sec. 832.05(2), the conviction shall be for a misdemeanor and punishment shall be awarded in accordance with Sec. 775.07.
For the reasons above expressed that portion of the opinion of the district court which ordered that defendant be discharged is quashed, and this cause is remanded to the district court with directions that it remand the cause to the trial court with directions to enter a judgment of conviction and a proper sentence for the offense condemned by F.S., Sec. 832.05(2), F.S.A.
It is so ordered.
ROBERTS, C.J., and THOMAS, DREW and THORNAL, JJ., concur.