PER CURIAM.
The appellant was charged in the trial court with the issuance of a worthless check, in violation of § 832.05(3), Fla.Stat., F.S.A. Upon a non-jury trial, she was found guilty, judgment accordingly, and sentenced to one year in the State penitentiary. She prosecuted an appeal from this judgment of conviction under Clerk’s File No. 68-502. During the pendency of the appeal, she filed a motion in the trial court seeking relief pursuant to Cr.PR 1.850, 33 F.S.A., pursuant to leave of this court. Because of delays occasioned by counsel for the appellant,[1] the petition for relief [pursuant to Cr.PR 1.850] came on to be heard after the appellant was discharged from the State penitentiary. The trial judge declined to entertain said petition, contending he lacked jurisdiction, the appellant having been released from cus *858 tody. An appeal from this ruling has been duly prosecuted to this court under Clerk’s File No. 69-974. These appeals have now been consolidated.
On the appeal on the merits, the appellant contends that her conviction is not supported by evidence of a violation of § 832.05(3), Fla.Stat., F.S.A., urging that the evidence indicated that the check in question was post-dated and, further, that at most the appellant should have been convicted of giving a worthless check for a preexisting debt, contrary to the provisions of § 832.05(2),- Fla.Stat., F.S.A., which would have subjected her to a conviction of a misdemeanor and a maximum sentence of six months. The gist of her Cr.PR petition on the merits was that she was convicted by the use of perjured testimony as to the date of the check.
Following review of the record and briefs and after oral argument, we affirm the conviction on the merits. If there is substantial competent evidence and reasonable inferences therefrom to support a conviction, an adjudication of guilt should not be interfered with by an appellate court. Crum v. State, Fla.App.1965, 172 So.2d 24; Williams v. State, Fla.App.1966, 187 So.2d 913; Evans v. State, Fla.App.1969, 218 So.2d 515. Examining the record in light of these principles, we find no error in the trial judge finding that the appellant did pass a worthless check which was not post-dated. However, the record clearly indicates that such an event was for the purpose of discharging a pre-existing debt and, therefore, the conviction for an alleged violation of § 832.05(3), Fla.Stat., F.S.A., was in error and the conviction should have been for a violation of § 832.-05(2), Fla.Stat., F.S.A., with a sentence not in excess of six months. To this extent, the judgment of conviction is hereby amended to show a conviction of a violation of § 832.05(2), Fla.Stat., F.S.A. [a misdemeanor]. The matter will not be returned to the trial court for a reduction in sentence because the appellant has already completed a sentence in excess of the maxi-: mum she could have been given under this conviction.
 As to the denial of the relief sought by the Cr.PR petition, the trial judge indicated he did not believe he had jurisdiction to consider this petition because the appellant had been released. We do not concur in the reasoning of the trial judge, particularly in light of the fact that the petition had been filed while the appellant was in custody. Reynolds v. State, Fla.App.1969, 224 So.2d 769; Rose v. State, Fla.App.1970, 235 So.2d 353; State v. Reynolds, Fla.1970, 238 So.2d 598, 600 (opinion filed March 11, 1970); Polo v. State, Fla.App.1970, 238 So.2d 160 (opinion filed July 28, 1970). However, we do concur in his denial because, upon an examination of the record, we find that the evidence which the appellant sought to bring forth on her petition for relief pursuant to Cr.PR was clearly available at the time of the original trial and, therefore, did not constitute a valid ground for Cr.PR relief. Kinsey v. State, 155 Fla. 159, 19 So.2d 706; Cayson v. State, Fla.App.1962, 139 So.2d 719; Fast v. State, Fla.App.1969, 221 So.2d 203; Hamilton v. State, Fla.App.1970, 237 So.2d 255.
Therefore, for the reasons stated above, the conviction and final judgment under review in Case No. 68-502 be and the same is hereby affirmed as amended, by reducing the conviction to a misdemeanor; and the order of the trial court denying relief pursuant to Cr.PR 1.850, filed under Clerk’s File No. 69-974, be and the same is hereby affirmed.

. Not the present counsel of record.