483 So.2d 23 (1985)
STATE of Florida, Petitioner,
v.
James WILSON and Nancy Pauline Wilson, Respondents.
No. 85-1397.
District Court of Appeal of Florida, Second District.
December 13, 1985.
Rehearing Denied February 3, 1986.
*24 Jim Smith, Atty. Gen., Tallahassee, and Peggy A. Quince, Asst. Atty. Gen., Tampa, for petitioner.
A.J. Ivie, Dade City, for respondent James Wilson.
Charlie Luckie, Jr., Dade City, for respondent Nancy Pauline Wilson.
OTT, Acting Chief Judge.
The state petitions this court for a writ of certiorari to review a nonappealable interlocutory order of the trial court denying its motion in limine which sought to exclude certain evidence from respondents' trial. Since the time the state filed its petition, and respondents responded, the supreme court issued its decisions in Jones v. State, 477 So.2d 566 (Fla. 1985); State v. G.P., 476 So.2d 1272 (Fla. 1985); and State v. C.C., 476 So.2d 144 (Fla. 1985), which appear to hold that the state may not seek certiorari review of any interlocutory or final order for which a statutory right to appeal has not been granted. We, however, read the decisions to mean that the state may not use the petition for writ of common law certiorari to obtain appellate review of an order that is only reviewable, if at all, by direct appeal. If there is no statutory right to appeal, then certiorari cannot be used to supply the right. On the *25 other hand, we do not believe the above decisions preclude the state from seeking common law certiorari review, as opposed to statutory appellate review, of an interlocutory order (such as the denial of its motion in limine in this case) which departs from the essential requirements of law and for which the state would have no other avenue of review. Had the supreme court intended to foreclose common law certiorari review to the state in such cases, it would have addressed and disapproved its line of cases which have expressly found that the state may seek certiorari review under circumstances similar to the matter under consideration herein. See, e.g., State v. Smith, 260 So.2d 489 (Fla. 1972); State v. Harris, 136 So.2d 633 (Fla. 1962). See also Jones, 477 So.2d at 567, and cases cited therein (Boyd, C.J., concurring specially); State v. Horvatch, 413 So.2d 469 (Fla. 4th DCA 1982). Furthermore, the supreme court, in Jones, G.P., and C.C., did not squarely deal with the issue of whether the state may seek certiorari review of a nonappealable interlocutory order in a criminal case. Jones and G.P. involved final orders for which the state had no statutory right of review and for which certiorari review could not be a substitute. In C.C., the state sought to appeal an interlocutory order for which it had no statutory right of appeal. As such, C.C. did not involve the question of common law certiorari review of an interlocutory order. Therefore, we choose to follow Chief Justice Boyd's cautionary special concurrence in Jones and not interpret Jones or G.P. to mean that certiorari is never available where a statutory right to an appeal does not exist. See Jones, 477 So.2d at 567. Rather, we choose to adhere to the line of cases which grant the state the right to seek the common law writ of certiorari to review a nonappealable interlocutory order where it demonstrates a departure from the essential requirements of law and where there is no other avenue of review. See Smith, 260 So.2d at 491; Harris, 136 So.2d at 634; Horvatch, 413 So.2d at 470. Realizing, however, that the language in Jones, G.P., and C.C. may suggest a different result, we certify to the supreme court the following question as being of great public importance:
WHETHER THE HOLDINGS IN JONES V. STATE, NO. 64,042 (FLA. OCT. 17, 1985); STATE V.G.P., NO. 63,613 (FLA. AUG. 30, 1985); AND STATE V.C.C., NO. 64,354 (FLA. AUG. 29, 1985), PRECLUDE THE STATE FROM SEEKING COMMON LAW CERTIORARI REVIEW OF NONAPPEALABLE INTERLOCUTORY ORDERS IN CRIMINAL CASES.
Accordingly, we hold that we have jurisdiction to hear the state's petition for writ of certiorari, and for the reasons stated below, we grant the petition, quash the trial court's order, and remand for further proceedings consistent herewith.
Respondents are charged with first-degree murder and the willful killing of an unborn child by injury to the mother. The state's theory of the crime is that respondents hired Jessie Haynes to commit the murder. Haynes was separately charged with and tried for the same crime as respondents. A jury found Haynes not guilty.
Prior to respondents' trial, the state filed a motion in limine seeking to "absolutely prohibit" the admission of any evidence of Haynes' not guilty verdict. The state contended that such evidence was irrelevant and highly prejudicial. Respondents argued that Haynes' acquittal was a circumstance which the jury should be allowed to consider. After a hearing, the trial court denied the motion and further ordered "that evidence and argument concerning the finding by a jury that [Haynes] was not guilty be admissible."
The state then obtained a stay and extension of speedy trial from the trial court and timely filed this petition, contending that the trial court departed from the essential requirements of law in denying its motion in limine. We agree.
The general rule in most jurisdictions is that a plea of guilty, conviction or acquittal of an accomplice or one involved in the crime with the accused is not admissible to *26 prove the guilt or innocence of the accused. See State v. Frese, 256 Iowa 289, 127 N.W.2d 83 (1964). See also 22A C.J.S. Criminal Law § 784 (1961) and cases cited therein. Florida law has followed the general rule with respect to the exclusion of convictions and guilty pleas of coperpetrators, but has not expressly dealt with the exclusion of a not guilty verdict or acquittal of a coperpetrator. See Salvatore v. State, 366 So.2d 745, 749 (Fla. 1978); Manning v. State, 93 So.2d 716, 719 (Fla. 1957); Thomas v. State, 202 So.2d 883, 884 (Fla.3d DCA 1967).
In Potts v. State, 430 So.2d 900 (Fla. 1982), however, our supreme court held that under section 777.011, Florida Statutes, the aider and abettor statute:
[I]t is sufficient at the trial of the aiderabettor only to show that a crime was committed. In order to convict the aiderabettor it is not necessary to show that the principal perpetrator was convicted of the same crime, nor is it even necessary to show that he was convicted at all.
430 So.2d at 902.
The supreme court went on to reject the collateral estoppel rationale or consistency of judgments approach in criminal cases. In doing so, it adopted the reasoning of the United States Supreme Court in Standefer v. United States, 447 U.S. 10, 100 S.Ct. 1999, 64 L.Ed.2d 689 (1980):
That court refused to adopt the doctrine of non-mutual collateral estoppel in criminal cases because acquittals can result from many factors other than guilt or innocence, the procedural elements pertaining to one defendant can be totally different than those applying to another, and there is no procedure for retrying a defendant once acquitted even though the verdict might be clearly erroneous.
430 So.2d at 903.
While the Potts decision does not squarely hold so, we read that case to mean that a judgment of acquittal or guilt in the case of the principal perpetrator is not relevant to the case of the aider-abettor. If the evidence is not relevant to the case, then it should not be admissible in the trial of the aider-abettor.
In the present case, respondents are charged with first-degree murder and the willful killing of an unborn child by injury to the mother by hiring Haynes to commit the murder. To prove respondents' guilt, the state would have to prove that Haynes committed the murder as a consequence of the counsel, procurement, or instigation of respondents. See Coxwell v. State, 397 So.2d 335 (Fla. 1st DCA 1981). As we read Potts, because Haynes' judgment of acquittal is not relevant to respondents' case, it is not admissible at their trial. As such, we hold that it was error for the trial court to rule that such evidence was admissible.
As further support for our holding, we cite with approval the following rationale from the Colorado Supreme Court decision in Roberts v. People, 103 Colo. 250, 259, 87 P.2d 251, 256 (1938):
Since it is guilt in fact and not an antecedent conviction that the state must prove against the accessory then it is guilt in fact when shown by competent evidence that the accessory defendant must controvert. A judgment of conviction and a judgment of acquittal are equally solemn judicial acts. If on the trial of an accessory a judgment of conviction of the principal does not bind the defendant when offered offensively by the state, and we are convinced it does not, then we do not think it binds the state when offered defensively by the defendant.
... If a judgment of acquittal of the principal was to be prima facie proof on the trial of the accessory that the principal had not committed the crime, then a judgment of conviction of the principal would be prima facie proof that he had committed it. But the theory under which judgments are admissible as proof of the facts determined shows that the judgment in question is not admissible in the action against the accessory. Judgments, when admissible in evidence, are conclusive determinations upon the facts *27 involved, and are not merely prima facie proof of them. If a judgment were to be merely prima facie proof of the principal's guilt or innocence, then, of course, either side could offer further proof bearing on that question. When the jury came to pass on it, should they consider the judgment as evidence or merely the other proof? If they could consider the judgment, what weight should they give to it? How could they know upon what proof it was rendered, and, without knowing that, what value would it be as evidence, unless as a matter of law it was held to be conclusive? To say that it is prima facie evidence seems to mean little or nothing. If it is evidence at all, it must be conclusive; otherwise, it should not be admitted. If a judgment is not res adjudicata [sic] on the questions involved it is nothing. [Citations omitted.] [Quoting People v. Beintner, 168 N.Y.S. 945, 948 (N.Y. Sup. Ct. 1918)].
We further note that just as Haynes' acquittal should not be admitted, the state should not be permitted to enter any evidence of the charges against Haynes that might lead the jury to conclude that Haynes might have been convicted, rather than acquitted.
Accordingly, we quash the trial court's order and hold that evidence of Haynes' acquittal is not admissible as tending to prove respondents' innocence. The case is remanded to the trial court for further proceedings consistent herewith.
Petition for writ of certiorari GRANTED.
LEHAN and HALL, JJ., concur.