489 So.2d 782 (1986)
STATE of Florida, Petitioner,
v.
George William THAYER, Respondent.
No. 85-2538.
District Court of Appeal of Florida, Fourth District.
May 7, 1986.
*783 Jim Smith, Atty. Gen., Tallahassee, and Richard G. Bartmon, Asst. Atty. Gen., West Palm Beach, for petitioner.
Elton H. Schwarz, Public Defender, and Jay Kirschner, Asst. Public Defender, Nineteenth Judicial Circuit, Fort Pierce, for respondent.
PER CURIAM.
The State of Florida seeks review by petition for writ of certiorari of an order granting respondent's motion to submit a questionnaire to prospective jurors.
The questionnaire contains thirty-six questions with numerous subparts. The questions probe into the jurors' politics, religion, social views, hobbies, books read, what, if any, bumper stickers they have on their cars, etc. In short, the questions go far beyond the questions that might ordinarily be asked during voir dire examination. We believe the trial court abused its discretion and departed from the essential requirements of law when it authorized submission of this questionnaire to the prospective jurors. However, we have not discussed the law which we consider dispositive of this question because a strict application of the holding in Jones v. State, 477 So.2d 566 (Fla. 1985) requires us to deny certiorari.
Moreover, we approved State v. G.P. and held that no right of review by certiorari exists if no right of appeal exists.
Id.
We find Chief Justice Boyd's interpretation of the court's opinion in Jones instructive. However, we are uncertain as to the extent of the state's right of certiorari review in a criminal case. We recognize that our interpretation of Jones v. State conflicts with the result reached by the Second District Court of Appeal in State v. Wilson, 483 So.2d 23 (Fla.2d DCA 1985). Therefore we certify the following question to the Supreme Court as a question of great public importance:
DO THE HOLDINGS IN JONES V. STATE, 477 So.2d 566 (Fla. 1985), STATE V.G.P., 476 So.2d 1272 (Fla. 1985) and STATE V.C.C., 476 So.2d 144 (Fla. 1985) PRECLUDE THE STATE FROM SEEKING CERTIORARI REVIEW OF NON-APPEALABLE INTERLOCUTORY ORDERS IN A CRIMINAL CASE WHERE THE STATE HAS DEMONSTRATED A CLEAR DEPARTURE FROM THE ESSENTIAL REQUIREMENTS OF LAW?
CERTIORARI DENIED.[1]
HERSEY, C.J., and DELL, J., concur.
GLICKSTEIN, J., dissents with opinion.
GLICKSTEIN, Judge, dissenting.
In my view, it is error to deny certiorari. The exercise of caution at the expense of awareness is unwarranted. The Second District Court of Appeal made a wise decision in State v. Wilson, cited by the majority. Like the Wilson court, I believe that if the Supreme Court had intended to foreclose *784 common law certiorari review to the state in cases where an interlocutory order of the trial court departs from the essential requirements of law and the state has no other avenue of review, it would have explicitly receded from State v. Smith, 260 So.2d 489 (Fla. 1972) (the district court correctly found there was no valid authority for the state to appeal the issue, but should not have denied the state's petition for writ of certiorari), and similar cases. We should not let a vague fear that the sky may fall divert us from dealing with a known leak in the dam.
Until the Supreme Court adopts a rule to the contrary, the only questionnaire that veniremen should be sent is that permitted by Florida Rule of Civil Procedure 1.431.
NOTES
[1] The Second District Court of Appeal certified substantially the same question in State v. Wilson.