GLICKSTEIN, Judge,
concurring specially:
The state petitions because of the trial court’s ordering of a lineup. The majority has apparently denied the petition on the *164 basis of Jones v. State, 477 So.2d 566 (Fla. 1985).
I agree with the Chief Justice, whose concurrence in Jones spoke of relief by certiorari if the trial court’s action is arbitrary, tyrannical — a palpable abuse of power. All are heady stuff, which is why I concluded in State v. Thayer, 489 So.2d 782 (Fla. 4th DCA 1986), that certiorari should have been available to the state to prevent the sending to veniremen of a questionnaire that exceeded Florida Rule of Civil Procedure 1.431, which rule is the existing authority for the questions to be asked. A corresponding rule for criminal cases would logically arise in the Criminal Procedure Rules Committee of The Florida Bar, be subsequently considered by the Board of Governors following debate and approval by the Committee and be ultimately reviewed and approved by the Supreme Court of Florida.
Here, respondent acknowledges that the current rules of criminal procedure do not provide for the defendant to request a lineup. They only expressly provide for the prosecution’s request for one. Fla.R. Crim.P. 3.220(b)(1). However, respondent has provided this court with a number of federal cases [1] which do authorize the trial court to order a lineup upon request of the defendant, in the exercise of its discretion. While petitioner replies that the laundry list of factors recited in the federal cases were not present here,[2] I find it more significant to recognize the existence of the authority which the cited eases provide for the exercise of discretion.
Accordingly, although the expressions in this concurrence may only be an exercise of this writer’s judgment, to me, the trial court’s action in this case, unlike that in Thayer, fails to fit the Chief Justice’s description, in his concurrence in Jones, of the kind of court action that justifies relief by certiorari.

. United States v. Brown, 699 F.2d 585 (2d Cir. 1983); United States v. Campbell, 581 F.2d 22 (2d Cir.1978); United States v. Estremera, 531 F.2d 1103 (2d Cir.), cert. denied, 425 U.S. 979, 96 S.Ct. 2184, 48 L.Ed.2d 804 (1976); United States v. Ravich, 421 F.2d 1196 (E.D.N.Y.), cert. denied, 400 U.S. 834, 91 S.Ct. 69, 27 L.Ed.2d 66 (1970); United States v. Boston, 508 F.2d 1171 (2d Cir.), cert. denied, 421 U.S. 1001, 95 S.Ct. 2401, 44 L.Ed.2d 669 (1975).

. The state’s reply argues:
Federal case law establishes that the relevant circumstances to be considered by the lower court include: the length of time between the crime or arrest and the request, the possibility that the defendant may have altered his appearance, the extent of inconvenience to prosecution witnesses, the possibility that revealing the identity of the prosecution witness will subject them [sic] to intimidation, the propriety of other identification procedures used by the prosecution and the degree of doubt concerning the identification. See: United States v. Ravich, 421 F.2d 1196 (2d Cir.1970); United States v. Estremera, 531 F.2d 1103 (2d Cir.), cert. denied, 425 U.S. 979, 96 S.Ct. 2184, 48 L.Ed.2d 804 (1976); United States v. Prescott, 480 F.Supp. 554 (D.C., W.D.Pa.1979).