528 So.2d 67 (1988)
STATE of Florida, Petitioner,
v.
George William THAYER, Respondent.
No. 85-2538.
District Court of Appeal of Florida, Fourth District.
July 6, 1988.
*68 Robert A. Butterworth, Atty. Gen., Tallahassee, and Richard G. Bartmon, Asst. Atty. Gen., West Palm Beach, for petitioner.
Elton H. Schwarz, Public Defender, and Jay Kirschner, Asst. Public Defender, Nineteenth Judicial Circuit, Fort Pierce, for respondent.
PER CURIAM.
On February 25, 1988 the supreme court remanded this matter for further proceedings consistent with its decision in State v. Pettis, 520 So.2d 250 (Fla. 1988). We grant the motion made by the State of Florida to reinstate a part of the opinion which we issued on May 7, 1986. In our previous decision we concluded that the trial court abused its discretion and departed from the essential requirements of law when it approved the submission of a written questionnaire to prospective jurors. Respondent had requested the trial court for a jury questionnaire pursuant to rule 3.281, Florida Rules of Criminal Procedure. The questionnaire contains thirty-six questions with numerous subparts. The questions probe into the juror's politics, religion, social views, hobbies, books read, what, if any, bumper stickers they have on their cars, etc. The questions go far beyond the questions that might ordinarily be asked during voir dire examination.
Section 40.101, Florida Statutes (1967) authorized questionnaires to gather essential information from prospective jurors prior to voir dire as a time saving measure. However, in Smith v. Portante, 212 So.2d 298 (Fla. 1968), the supreme court found the section unconstitutional as an unlawful delegation of authority, specifically pointing out the absence of objective guidelines and standards to be used in drafting the questions.[1] The court stated:
Conceivably, such an uncircumscribed questionnaire as here contemplated could cover the widest range of inquiries unconnected with traditional voir dire questioning or statutory requisites relating to qualifications of jurors, e.g., such questions might inquire into the prospective juror's political, religious, social and economic views, his marital status, his arrest or conviction record, his financial condition, his educational background, his addiction to alcohol or narcotics, his views on race relations, his views on allowance of damages in certain cases, or his general conduct and habits. Many of such questions could be unnecessarily embarrassing to the citizen who, according to the record here, is admonished on the proposed questionnaire that "You are required by law to promptly answer" and that if he does not he will be guilty of contempt.
Accordingly we grant the state's petition for writ of certiorari and quash the order granting respondent's motion to submit a questionnaire to prospective jurors.
CERTIORARI GRANTED.
HERSEY, C.J., and DELL, J., concur.
GLICKSTEIN, J., concurs specially with opinion.
*69 GLICKSTEIN, Judge, concurring specially.
This court's original consideration of this case is found in State v. Thayer, 489 So.2d 782 (Fla. 4th DCA 1986). Thereafter, in State v. Pettis, 520 So.2d 250, 251-52 (Fla. 1988), four justices agreed with the following analysis of the Second District Court of Appeal in State v. Wilson, 483 So.2d 23, 24-25 (Fla. 2d DCA 1985):
We, however, read the decisions to mean that the state may not use the petition for writ of common law certiorari to obtain appellate review of an order that is only reviewable, if at all, by direct appeal. If there is no statutory right to appeal, then certiorari cannot be used to supply the right. On the other hand, we do not believe the above decisions preclude the state from seeking common law certiorari review, as opposed to statutory appellate review, of an interlocutory order (such as the denial of its motion in limine in this case) which departs from the essential requirements of law and for which the state would have no other avenue of review.
Subsequently, this court's decision in Thayer was quashed on the basis of Pettis. See State v. Thayer, 520 So.2d 571 (Fla. 1988). We were thus directed to consider the merits of the petition by certiorari. We have done so and have concluded the trial court was without authority to order the questionnaire. In agreeing with the majority, I repeat my observation in the original dissent:
Until the Supreme Court adopts a rule to the contrary, the only questionnaire that veniremen should be sent is that permitted by Florida Rule of Civil Procedure 1.431.
NOTES
[1] The legislature subsequently repealed the section. Ch. 79-235, § 21; Ch. 81-170(1), 1979 Laws of Fla.