PER CURIAM.
Stewart Strickland appeals his conviction for obtaining property by worthless check.* We find that the evidence was insufficient to sustain the conviction, and reverse.
On November 23, 1987, Strickland delivered to Dee Dee Norton two checks drawn on the account of Stewart P. Strickland Productions, Inc. These checks, totalling approximately two thousand dollars, were intended to compensate Norton for services previously rendered, viz., “voice overtap-ing” on a tape that was being produced by Strickland’s company. The taping took place November 22 and 23. Strickland, when tendering the checks, advised Norton that there were not sufficient funds on deposit to cover them. Norton agreed to hold the checks “for three or four days,” after which time it was anticipated the *1289 necessary funds would be available. They were not.
In order to sustain a felony charge of obtaining property or services by worthless check, it must be demonstrated that the check was the inducement for the furnishing of goods or services to the issuer. Helms v. State, 128 So.2d 756 (Fla. 1st DCA 1961). A worthless check tendered for payment of a pre-existing debt will sustain only the lesser misdemeanor proscribed by section 832.05(2), Florida Statutes (1989). State v. Harris, 136 So.2d 633 (Fla.1962); Laytner v. State, 239 So.2d 857 (Fla. 3d DCA 1970). For example, in Helms the check was tendered to a carpenter and painter at the end of a work week. The court held that “the services rendered by the payees ... were not obtained by means of the checks, but ... with the hope or expectation that at the end of the workweek they would be paid for their services. The worthless checks were not the inducement for the performance of the service in purported payment of which the checks were issued.” 128 So.2d at 758. Likewise, in the present case there is no indication that the offer of payment by check preceded the services rendered by Norton; rather, Norton performed the services and Strickland then paid for same using the' checks. The closeness in time between Norton’s completion of her assigned task and Strickland’s tendering of the checks is, under these circumstances, immaterial.
The state also raises a procedural question that we must consider. This case was disposed of below via a motion to dismiss pursuant to Florida Rule of Criminal Procedure 3.190(c)(4). A written traverse was filed denying the “undisputed” facts. However, at the outset of the hearing the prosecutor agreed with Strickland’s counsel that “[t]he facts are correct,” and the court, without objection, proceeded to rule on the merits of the motion. Under these circumstances we deem the traverse to have been abandoned. Cf. State v. Evans, 388 So.2d 1104 (Fla. 4th DCA 1980).
Strickland concedes that the facts as presented would support a misdemeanor conviction. Accordingly, we reverse the judgment and sentence with directions to correct the written documents to indicate a conviction under section 832.05(2), and to resentence accordingly.
RYDER, A.C.J., and DANAHY and PARKER, JJ., concur.

 § 832.05(4), Fla.Stat.(1987).