COHEN, J.
In this consolidated appeal, Susan Duncan appeals her judgments and sentences *362 entered in two cases after two jury trials. In case number 5D12-4003, Duncan was convicted of obtaining property by worthless check. In case number 5D12-4005, Duncan was convicted of six counts of grand theft. In each case, she argues on appeal that the trial court erred by denying her motion for judgment of acquittal.
Finding the evidence sufficient to sustain the convictions of grand theft in case number 5D12-4005, we affirm without additional comment. However, we agree with Duncan that in case number 5D12-4008, the evidence supported a conviction for only a misdemeanor worthless check charge under section 832.05(2), Florida Statutes (2010).
The facts underlying case number 5D12-4003 are simple. Duncan hired the victim, Central Signs, to manufacture and install a sign for her new business. Duncan paid Central Signs a deposit, and the remaining monies were due upon installation of the sign. No specific form of payment was contemplated by their agreement. After Central Signs completed and installed the sign, Duncan wrote it a check, which was dishonored based upon insufficient funds. Central Signs sent Duncan the requisite statutory notice of worthless check via certified mail. However, the check was never honored. Following a trial, a jury found Duncan guilty of obtaining property or services in return for a worthless check under section 832.05(4), Florida Statutes.
Duncan argues that the evidence in the case reflected payment of a preexisting debt and thus supported only a misdemeanor conviction. It has long been recognized that, to sustain a felony charge for obtaining goods or services by means of a worthless check, “it must be demonstrated that the check was the inducement for the furnishing of goods or services to the issuer.” Strickland v. State, 559 So.2d 1288, 1289 (Fla. 2d DCA 1990) (citing Helms v. State, 128 So.2d 756 (Fla. 1st DCA 1961)). “A worthless check tendered for payment of a pre-existing debt will sustain only the lesser misdemeanor proscribed by section 832.05(2), Florida Statutes ....” Id. (citing State v. Harris, 136 So.2d 633 (Fla.1962); Laytner v. State, 239 So.2d 857 (Fla. 3d DCA 1970)). For example, in Helms, the checks at issue were given to a carpenter and painter at the end of a work week. The court held that the services rendered “were not obtained by means of the checks, but were rendered by the payees with the hope or expectation that at the end of the work-week they would be paid for their services.” Helms, 128 So.2d at 757. Similarly, in Strickland, the court found that a felony conviction could not be sustained under section 832.05 because there was “no indication that the offer of payment by check preceded the services rendered.” Strickland, 559 So.2d at 1289; accord Nece v. State, 683 So.2d 622, 622 (Fla. 2d DCA 1996) (holding that “the conviction must be reduced to a misdemeanor because there was no evidence that an offer of payment by check induced the services rendered”).
As in Strickland and Helms, the evidence in the instant ease did not establish that the payment by check induced the manufacture and installation of the sign. Accordingly, we reverse Duncan’s conviction for obtaining property by worthless check and remand for entry of a misdemeanor worthless check conviction and re-sentencing.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
EVANDER and WALLIS, JJ., concur.